RESERVE LOAN LIFE INSURANCE CO. *v.* WITT.

MORTGAGES—ASSIGNMENT OF RENTS AND PROFITS—PRIORITY AS BE-
TWEEN FIRST AND SECOND MORTGAGES.

    Where second and trust mortgage contained assignment of rents
and profits under 3 Comp. Laws 1929, §§ 13498, 13499, and
trustee is collecting same but not applying any part thereof in
payment of delinquent taxes or to redeem from tax title, mort-
gagee under first mortgage containing no such assignment is
not entitled to appointment of receiver to collect rents and
profits and apply same in payment of delinquent taxes or to
redeem, under notice, from tax title, but it may pay tax,,
redeem from tax title, and add sum so paid to amount due.

Appeal from Wayne; Webster (Clyde I.), J. Sub-
mitted June 20, 1933. (Calendar No. 37,167.) De-
cided October 2, 1933.

Bill by Reserve Loan Life Insurance Company of
Indianapolis, Indiana, an Indiana corporation,
against Edward Witt and others to foreclose a mort-
gage, appoint a receiver, and for other relief. From
order denying right to a receiver, plaintiff appeals.
Affirmed.

*Yerkes, Goddard & McClintock,* for plaintiff.

*Butzel, Levin & Winston (Edward D. Quint,* of counsel), for defendant John A. Milotte, trustee.

WIEST, J.   The question in this case is whether we should direct the circuit court, in a foreclosure of an ordinary real estate mortgage containing no assignment of rents and profits under Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), and upon which premises there is a second and trust mortgage containing an assignment of rents and profits under the mentioned act, and operative by default and notice as required by that act, to appoint a receiver to collect the rents and profits and apply the same in payment of delinquent taxes and to redeem, under notice, from a tax title.

The court below refused to appoint a receiver. Both mortgages were executed in March, 1928. The trustee under the second mortgage is collecting the rents and profits from the premises and not applying any part thereof in payment of the delinquent taxes or to redeem from the tax title.

Plaintiff cites *Nusbaum* v. *Shapero,* 249 Mich. 252. That case involved no second and trust mortgage. The second mortgagee is exercising contract security rights sanctioned by statute, and the first mortgagee may not, without such a contract, be accorded the priority it seeks.   If the first mortgage is in the usual form, the mortgagee may pay the tax, redeem from the tax title, and add the sum so paid to the amount due.   In the second mortgage, rights of the mortgagor not within reach of any provision of the first mortgage were surrendered.

Affirmed, with costs against plaintiff.

McDONALD, C. J., and POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.   BUTZEL, J., did not sit. CLARK, J., took no part in this decision.