EQUITABLE TRUST CO. *v.* BANKERS TRUST CO.

1. APPEAL AND ERROR—INTERLOCUTORY ORDER—LEAVE TO APPEAL.
   An appeal from the granting or denial of an interlocutory order, as a rule, is in the nature of mandamus and if not a final disposition of all or part of the subject matter of the suit, this court will dismiss the appeal unless leave has been first obtained since it will not review a case piecemeal.

2. SAME—APPOINTMENT OF RECEIVER AD LITEM—TRUST MORTGAGES.
   An appointment of receiver *ad litem* to hold the proceeds of income from multiple-apartment building pending outcome of suit by trustee under second mortgage against trustee under first mortgage and fee owner would not be appealable without leave of court.

3. MORTGAGES — TRUSTS — RECEIVERS — APPEAL AND ERROR — FINAL
   ORDER.

   On bill to enforce rent assignment clause under second trust
   mortgage·and restrain trustee under first trust mortgage and
   fee owner from interfering with collection of rents, order
   appointing receiver to collect rents and pay past due taxes may
   result in benefit to first mortgagee and is appealable since it
   may finally dispose of a portion of the subject matter in case
   insufficient is realized on foreclosure sale under first mortgage
   to pay amount due thereunder and the fact that there may be
   a possible or even probable return of such subject matter is
   immaterial.

Appeal from Wayne; Chenot (James E.), J. Submitted June 14, 1934. (Docket No. 48, Calendar No. 37,864.) Decided September 18, 1934.

Bill by Equitable Trust Company, a Michigan corporation, as trustee, against the Bankers Trust Company, a Michigan corporation, and Norman Fill to enjoin interference with collection of rents and to enforce a rent assignment clause under a trust mortgage. Cross-bill by defendant Fill against plaintiff and defendant Bankers Trust Company for relief under mortgage moratorium act. From order appointing receiver, plaintiff appeals. Modified and remanded.

*Morris Garvett,* for plaintiff.

*Frank C. Cook* and *John P. O'Hara* (*A. L. Baumann,* of counsel), for defendant Bankers Trust Company.

*Joslyn, Joslyn & Joslyn,* for defendant Fill.

BUTZEL, J. On December 20, 1926, Samuel K. Melon and wife executed a first mortgage to the Bankers Trust Company of Detroit and subsequent-

ly a second mortgage to the United States Trust Company, as trustee for bondholders, on property improved with a multiple-apartment building in Detroit, Michigan. The Equitable Trust Company claims that it became vested with the title to the mortgage, as successor trustee, after the United States Trust Company changed its name and later merged with the Equitable Trust Company. The second mortgage contained a rent assignment clause. On August 1, 1933, the Equitable Trust Company, as trustee, notified the tenants of its rights under the mortgage and demanded payment. It also recorded a notice thereof in the office of the register of deeds. Dispute having arisen as to who was entitled to the rents, the Equitable Trust Company, as trustee, filed a bill of complaint against the Bankers Trust Company. In an amended bill of complaint it also joined as defendant one Norman Fill of Toronto, Canada, who acquired title to the premises subject to incumbrances by quitclaim deed. The sole relief sought in the amended bill of complaint is the enforcement of the rent assignment clause and an injunction to restrain the defendants from interfering with the collection of rents by plaintiff. Defendants deny the valid effect of the assignment clause in the mortgage and also plaintiff's right to enforce it, even if valid. Defendant Fill also claims the benefit of the moratorium statute (Act No. 98, Pub. Acts 1933). He bases his claim on the fact that the Bankers Trust Company has begun foreclosure proceedings by advertisement. We shall not discuss his claim as the only question presented on appeal is whether the court properly entered an interlocutory order appointing receivers to collect the rents and apply the amounts collected toward payment of past due taxes on the property.

The question arose as to whether the appeal should not be dismissed because appellant failed to first obtain consent to appeal. An appeal from the granting or denial of an interlocutory order, as a rule, is in the nature of mandamus. If the order is not a final disposition of the subject matter of the suit or a part of it, the court will dismiss the appeal unless consent to appeal has been first obtained. This court will not review a case piecemeal. If it should finally be determined that plaintiff is not entitled to the rents, a decision at the present time as to the propriety of the interlocutory order would be futile. An appointment of a receiver *ad litem* to hold the proceeds until the outcome of the suit would not be appealable without the consent of the court. However, plaintiff claims the rents as the trustee under a valid trust mortgage with a rent assignment clause and that such rents should be paid to it as trustee for the bondholders. Obviously, the property would realize more on foreclosure sale under the first mortgage if the taxes were paid. If the rents belong to the plaintiff, as claimed, they may not be diverted for the benefit of the first mortgagee, who can pay the taxes and add the sums so paid to the amount due on its mortgage. *Reserve Loan Life Ins. Co.* v. *Witt,* 264 Mich. 536. If insufficient should be realized on the foreclosure sale under the first mortgage to pay the amounts due under it, all moneys paid for taxes may result in a loss to plaintiff which might encounter much difficulty or fail in efforts to recover such amounts. The order appealed from thus might finally dispose of a portion of the subject matter in controversy. The test, to determine whether an interlocutory order may be appealed from or not, is whether it affects with finality any of the rights of the parties in the subject

matter or a part of it. The fact that there may be a possible or even a probable return of such subject matter does not warrant it being treated as a mere interlocutory proceeding *pendente lite*. *Lewis* v. *Campau*, 14 Mich. 458 (90 Am. Dec. 245) ; *Barry* v. *Briggs*, 22 Mich. 201.

Neither defendant has appealed from the order. We are unable to determine plaintiff's rights on the present record. If it is entitled to the rents, the present order would be improper. On the argument in this court, counsel consented that the order be modified so as to provide that if plaintiff finally prevails in its contentions it should be repaid such amounts as receivers have collected from the rentals and that such sum be a first lien on all moneys realized from the foreclosure of the Bankers Trust Company's mortgage. Inasmuch as it is being foreclosed by advertisement and not in the instant suit, plaintiff should be protected by a bond or in some other manner approved of by the court.

The proceedings are remanded to the lower court with instructions to modify the order in accordance with this opinion. The costs of the court will abide the final outcome of the case.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.