98 Mich. App. 347 (1980)
296 N.W.2d 256
In re SWANSON ESTATE
LONG
v.
SWANSON
Docket No. 48056.
Michigan Court of Appeals.
Decided June 17, 1980.
John L. Belanger, for plaintiff.
Timothy R. Sinclair, for defendant.
Before: R.B. BURNS, P.J., and BASHARA and M.F. CAVANAGH, JJ.
PER CURIAM.
Sherwood Long, the appellant, timely filed a claim against the estate of Bert George Swanson, deceased. After review of the report and recommendation filed by a referee after a full hearing, the Macomb County Probate Court disallowed the appellant's claim by order of August 1, 1979. The appellant then timely filed an appeal of right in the Macomb County Circuit Court. That appeal was subsequently dismissed by the circuit court for lack of jurisdiction. The appellant *349 then filed an application for leave to appeal from the order of the circuit court dismissing the appeal from probate court. That application is presently before this Court.
The circuit court dismissal of the original appeal was apparently grounded on MCL 600.861; MSA 27A.861, which provides, inter alia, that a party to a proceeding in the probate court may appeal as a matter of right to the Court of Appeals from a "final order affecting the rights or interests of any interested person in an estate or trust" and MCL 600.863; MSA 27A.863, which provides in part as follows:
"(1) Except when prohibited by statute, a person aggrieved by an order, sentence, or judgment of the probate court, other than an order appealable under section 861, may appeal from that order, sentence, or judgment to the circuit court in the county in which the order, sentence, or judgment is rendered."[1]
These provisions are part of the new chapter 8 added to the Revised Judicature Act by 1978 PA 543, which took effect July 1, 1979, one month before entry of the probate court order in question. Since the order in question clearly was entered in a decedent's estate, the issue is whether or not the order denying the claim was a "final" order and therefore appealable to this Court rather than the circuit court.
Appellant contends that since the order in question does not dispose of all the claims of all the parties in the probate proceeding and does not contain language denominating it as a final order upon a finding that there is no just reason for delay in entry of a final order, the probate court order in question is not a final order under GCR *350 1963, 518.2. Does GCR 1963, 518.2 have any applicability to probate proceedings? GCR 1963, 11.1 provides that the general court rules govern the practice in the circuit courts, the recorder's court, the Court of Appeals and the Supreme Court but makes no mention of the probate courts.[2] On the other hand, PCR 11.2 provides that the probate court rules govern the practice in the probate courts in all proceedings other than proceedings in the juvenile division.[3] We conclude that the general court rules do not apply to the probate court except in those instances where the probate court rules adopt provisions of the general court rules by specific reference. Therefore, GCR 1963, 518.2 does not apply to probate proceedings in this decedent's estate. Further, the probate rules do not contain any provisions equivalent to GCR 1963, 518.2.
Since there is no statutory or rule definition of the term "final" as used in MCL 600.861; MSA 27A.861, the determination of which probate court orders are "final" and which are not for purposes of determining the appellate jurisdiction of this Court will have to be made on a case-by-case basis. Unfortunately, there is no useful Michigan case law precedent. Until the enactment of the Revised Probate Code (MCL 700.1 et seq.; MSA 27.5001 et seq.) by 1978 PA 642 and the addition of chapter 8 to the Revised Judicature Act (MCL 600.101 et seq.; MSA 27A.101 et seq.) by 1978 PA 543 the question of finality of probate court orders was *351 irrelevant because probate court orders, with few exceptions, were appealable to the circuit court as a matter of right regardless of finality.[4] The previous statutory provision governing appeals from probate court, MCL 701.45a; MSA 27.3178(45.1), contained no finality requirement.
The reason why case law on the question of finality of circuit court orders is of little assistance in determining the finality of probate court orders was well stated in In re Estate of Cook, 245 So 2d 694, 695 (Fla App, 1971):
"It is apparent upon reflection that probate proceedings differ from ordinary litigation in that the rights of outside parties are from time to time determined and orders entered in the course of administration result in payment, or the necessity for filing suit, whereas the ordinary action involves the same parties throughout and a single appeal from final judgment is appropriate."
The question of finality, therefore, is one which can be determined only by analysis of the issues decided by a particular probate court order and its precise effect on the rights of the parties involved.
A probate court order entered pursuant to MCL 700.702; MSA 27.5702, disallowing a claim filed in a decedent's estate, is dispositive of the rights of the claimant leaving the only remaining remedy appellate review. Further, MCL 700.705; MSA 27.5705 allows the assessment of costs against an *352 unsuccessful claimant, including attorney fees of up to $100. An order denying a claim is a determination that the party who filed the claim is not a lawful creditor of the estate and therefore has no interest whatsoever in the estate or further proceedings in the probate court. The right to appeal should be determined not by the form of the order but by its effect. Comm'r of Ins v Lloyds Ins Co of America, Inc, 287 Mich 599, 607; 283 NW 703 (1939). The test of finality of an order is whether it affects with finality any of the rights of the parties in the subject matter. Equitable Trust Co v Bankers Trust Co, 268 Mich 394, 397-398; 256 NW 460 (1934). We therefore conclude that the probate court order disallowing the appellant's claim in this cause was a final order appealable as a matter of right to this Court under MCL 600.861; MSA 27A.861. Therefore, the order was not properly appealable to the circuit court pursuant to MCL 600.863; MSA 27A.863. Since the circuit court was correct in dismissing the appellant's appeal, his application for leave to appeal from that decision is denied.
The application is denied.
NOTES
[1] As amended by 1979 PA 69, effective July 25, 1979.
[2] GCR 1963, 11.1:

"Generally. These rules govern the practice in the circuit courts, recorder's court, court of appeals, and the Supreme Court, in actions of a civil nature whether heretofore cognizable as actions at law or in equity. * * *"
[3] PCR 11.2:

"Scope, Relationship to General Court Rules. These rules govern the practice in the probate courts in all proceedings other than proceedings in the juvenile division of the probate court. * * *"
[4] Although the precise issue of whether MCL 701.45a; MSA 27.3178(45.1) provided an appeal of right from the probate court to the circuit court was not discussed in Reist v Bay Circuit Judge, 396 Mich 326; 241 NW2d 55 (1976), the opinion of Justice LEVIN, concurred in by two other Justices, refers to the appeal provided by this statute as being an appeal of right (at pp 333 and 350). The opinion of Justice COLEMAN, concurred in by one other Justice, 396 Mich 352, 353, describes the appeal provided by this statute as one the circuit court may not refuse to hear if timely filed. This description is the essential characteristic of an appeal of right.