98 Mich. App. 341 (1980)
296 N.W.2d 254
IN THE MATTER OF ANTIEAU
ANTIEAU
v.
SCHALK
Docket No. 47364.
Michigan Court of Appeals.
Decided June 17, 1980.
Russell O. Vail, for Eleanor Antieau.
David M. Hartsook, for Kay E. Schalk.
J. David Reck, P.C., guardian ad litem of Ronald Michael Antieau, a minor.
Before: R.B. BURNS, P.J., and BASHARA and M.F. CAVANAGH, JJ.
PER CURIAM.
The appellant, Eleanor Antieau, is the mother of Ronald Michael Antieau, as well as two daughters. Apparently having difficulty caring for all three children after she had been abandoned by her husband, appellant arranged to have her son Ronald live with her first cousin, Kay E. Schalk, the appellee.
On June 18, 1975, appellee filed a petition with the Livingston County Probate Court asking that she be appointed guardian of the person of Ronald Michael Antieau on the grounds that his parents *343 were not competent and suitable to have custody and care of the education of Ronald. On June 19, 1975, appellant signed a waiver and consent form agreeing to appellee's appointment as Ronald's guardian. On July 21, 1975, the judge of probate appointed appellee, Kay E. Schalk, guardian of the person of Ronald Michael Antieau pursuant to MCL 703.1(2); MSA 27.3178(201)(2).
On April 1, 1976, appellant filed a petition for termination of this guardianship on the grounds that she was well able to care for and provide the love and affection necessary to raise her son Ronald. Appellant also stated in her petition that she had consented to the guardianship during a time of great emotional stress and conflict and without the benefit of legal counsel. The probate court denied the petition to terminate but awarded visitation rights to the appellant mother.
Appellant filed a second petition to terminate the guardianship on June 12, 1978. On September 5, 1979, the judge of probate issued an opinion and order denying the petition for termination of the guardianship and ordered further that the court would not entertain another petition for one year from the date of that order. Counsel for appellant mother then filed a claim of appeal with this Court.
Recognizing that a substantial question existed as to the jurisdiction of this Court to entertain an appeal from a probate court order denying a petition to terminate the guardianship of a minor, this Court ordered the parties to file separate briefs on this jurisdictional question. The appellant mother, the appellee guardian and the guardian ad litem, appointed by the probate court to represent the child, have all filed well-written briefs on this question.
*344 The claim of appeal was filed pursuant to MCL 600.861; MSA 27A.861 which provides inter alia that a party to a proceeding in the probate court may appeal as a matter of right to the Court of Appeals from a "final order affecting the rights or interests of any interested person in an estate or trust". This provision is part of the new chapter 8 added to the Revised Judicature Act by 1978 PA 543, which took effect July 1, 1979. The parties in their briefs have treated the jurisdictional question as a two-fold inquiry: (1) whether the order in question is a final order; and (2) whether the order affects the rights or interests of a person in an estate. Since our conclusion on the second aspect is dispositive, we do not reach the first.
The jurisdiction of the Court of Appeals is established by the Legislature. Const 1963, art 6, § 10. The Legislature has the authority to prescribe in what cases and under what circumstances appeals may be taken. Moore v Spangler, 401 Mich 360, 369; 258 NW2d 34 (1977). 1978 PA 543 was enacted in conjunction with 1978 PA 642, the Revised Probate Code, MCL 700.1 et seq.; MSA 27.5001 et seq. The effectiveness of each of these acts was made contingent upon the enactment of the other.[1] We perceive it to be the intent of the Legislature that these acts be read together. Therefore, we turn to the definition of the term "estate" found in section 4 of the Revised Probate Code, which provides as follows:
"`Estate' means the property of the decedent or other person whose affairs are subject to this act as the property is originally constituted and as it exists during administration." MCL 700.4(6); MSA 27.5004(6).
It is immediately apparent that, since the definition *345 of "estate" is limited to property of a person subject to the act, the question now becomes whether the instant case involves any property of the ward.
As noted above, the petition filed in the probate court was for appointment as guardian of the person only, and the appointment of the appellee was as guardian of the person only. A careful review of the lower court record does not reveal any alteration of this status. Has the authority of the guardian been expanded to include any property of the ward by enactment of the Revised Probate Code? Section 6 of the Code, as amended by 1979 PA 51, contains the following definition of the term "guardian":
"`Guardian' means a person appointed by the court or designated as such in a will as provided in article 4, to exercise powers over the person of a minor or of a legally incapacitated person. Guardian does not include a guardian ad litem." MCL 700.6(2); MSA 27.5006(2).
This statute has not expanded the authority of the guardian in the instant case to include power over any property, if there be any, of the minor ward. To the contrary, the Legislature has clearly limited the powers of guardianship to the person only. A person who is appointed by the probate court to exercise powers over the estate of another person is called a "conservator". Revised Probate Code, § 3(5); MCL 700.3(5); MSA 27.5003(5). Since the guardianship does not encompass any property of the ward, the guardianship and the orders entered in this proceeding do not fall within the definition of "estate" quoted above and the order denying petition to terminate the guardianship is not "an order affecting the rights or interests of any interested *346 person in an estate".[2] Therefore, this Court lacks jurisdiction of this appeal, which is hereby dismissed.
What then is the proper forum for appellate review of an order of this nature? MCL 600.863(1); MSA 27A.863(1) provides that, unless prohibited by statute, a person aggrieved by an order, sentence or judgment of the probate court which is not appealable to this Court under MCL 600.861; MSA 27A.861 may appeal to the circuit court. We conclude, therefore, that the order denying the petition to terminate the guardianship in the instant case should have been appealed to the circuit court. This dismissal is without prejudice to the filing of a motion for leave to appeal in the circuit court for the County of Livingston pursuant to GCR 1963, 703.
The appeal is dismissed.
NOTES
[1] 1978 PA 543, § 2(2) and 1978 PA 642, § 991(2).
[2] MCL 600.861; MSA 27A.861.