### In re MILLER ESTATE

Docket No. 48411. Submitted March 2, 1981, at Lansing.—Decided
    May 6, 1981.

John W. Hampton and Marilyn H. Hampton petitioned the Bay
    Probate Court to reopen the estate of Dr. Edwin C. Miller,
    deceased, and to appoint a personal representative for the
    purpose of providing a party to accept service of process so that
    the Hamptons could file a medical malpractice action in circuit
    court to attempt to recover from the malpractice insurer,
    United States Fidelity & Guaranty Company. The probate court
    entered an order granting petitioner's request, Paul N. Doner,
    J. The personal representative appointed by the probate court,
    Peoples National Bank & Trust Company of Bay City, and the
    malpractice insurer both appeal to the Court of Appeals from
    the order entered by the probate court. *Held:*

The order of the Bay Probate Court reopening the decedent's
    estate and appointing a successor personal representative is not
    dispositive of any of the rights of the parties. As such, this
    order is not a final order appealable as a matter of right to the
    Court of Appeals. The appeal is dismissed without prejudice to
    the filing of a motion for leave to appeal in the Bay Circuit
    Court.

Dismissed.

1. Appeal — Probate Courts — Orders — Court of Appeals.

   A party to a proceeding in probate court may appeal as a matter
       of right to the Court of Appeals from a final order affecting the
       rights or interests of any interested person in an estate or
       trust.

2. Appeal — Court of Appeals — Probate Courts — Orders.

   The determination of which probate court orders are final and
       which are not, for purposes of determining the jurisdiction of
       the Court of Appeals, has to be made on a case-by-case basis.

References for Points in Headnotes
[1–3] 4 Am Jur 2d, Appeal and Error § 139.

3. COURTS — PROBATE COURTS — ORDERS.

   The test of finality of a probate court order is whether it affects
   with finality any of the rights of the parties in the subject
   matter.

*Smith & Brooker, P.C.* (by *Albert C. Hicks),* for
United States Fidelity & Guaranty Company and
Peoples National Bank & Trust Company of Bay
City.

*Patterson, Gruber & Kennedy, P.C.,* for John W.
Hampton and Marilyn H. Hampton.

Before: R. B. BURNS, P.J., and BASHARA and
M. F. CAVANAGH, JJ.

PER CURIAM. The Bay County Probate Court
entered an order reopening the estate of Edwin C.
Miller, deceased, who had been a physician during
his lifetime, and appointing a personal representa-
tive several years after the probate of his estate
was completed. The order was entered pursuant to
the petition of a former patient who allegedly
discovered surgical malpractice on the part of the
physician several years after the latter's death.
The order was entered for the purpose of providing
a defendant against whom the former patient
could file a medical malpractice action in circuit
court to attempt to recover from the malpractice
insurer.[1] Both the personal representative ap-
pointed in the probate court order and the mal-
practice insurer have taken this appeal.

The claim of appeal was filed pursuant to MCL
600.861; MSA 27A.861, which provides *inter alia*
that a party to a proceeding in the probate court
may appeal as a matter of right to the Court of

[1] The potential recovery of money damages by the appellees here in
any circuit court malpractice action is limited to sources other than
assets of the probate estate previously distributed. *Williams v Gross-
man,* 409 Mich 67, 78; 293 NW2d 315 (1980).

Appeals from a "final order affecting the rights or interests of any interested person in an estate or trust".[2] Recognizing that a substantial question existed as to the jurisdiction of this Court to entertain an appeal from this probate court order, this Court ordered the parties to file separate briefs on this jurisdictional question. Since the order in question clearly was entered in a decedent's estate, the issue is whether or not the order reopening the estate and appointing a successor personal representative was a "final" order and therefore appealable to this Court rather than the circuit court.

As we have stated before, since there is no statutory or rule definition of the term "final" as used in MCL 600.861; MSA 27A.861, the determination of which probate court orders are "final" and which are not, for purposes of determining the appellate jurisdiction of this Court, has to be made on a case-by-case basis. *In re Swanson Estate,* 98 Mich App 347; 296 NW2d 256 (1980). The test of finality of a probate court order is whether it affects with finality the rights of the parties in the subject matter. *Equitable Trust Co v Bankers Trust Co,* 268 Mich 394, 397-398; 256 NW 460 (1934), *In re Swanson Estate, supra.* Since the order of the Bay County Probate Court reopening the decedent's estate and appointing a successor personal representative is not dispositive of any of the rights of the parties, we conclude that this order is not a final order appealable as a matter of right to this Court under MCL 600.861; MSA 27A.861. This appeal is therefore dismissed without prejudice to the filing of a motion for leave to appeal in the Circuit Court for the County of Bay

---

[2] This section is part of the new Chapter 8 added to the Revised Judicature Act by 1978 PA 543, which took effect July 1, 1979.

pursuant to GCR 1963, 703. *In the Matter of Antieau,* 98 Mich App 341; 296 NW2d 254 (1980).

The appeal is dismissed. It is ordered that the time for filing a proper motion for leave to appeal in the circuit court shall commence with the release date of this opinion.