### In re PEEKUS ESTATE

Docket No. 51025. Submitted March 3, 1981, at Lansing.—Decided May 6, 1981.

A petition to commence proceedings was filed in the Macomb Probate Court, alleging a last will and testament and a codicil thereto of Olga Peekus, deceased. The beneficiaries were Imant Piekus, a citizen of Latvia, and Allen F. Heim and Joan Engle, of Baltimore. Heim and Engle moved to hold funds in escrow pending determination of Piekus's right to share in the personal property in the estate. The court, James F. Nowich, J., denied the motion. Heim and Engle appeal. *Held:*

The statute provides for appeal of right to the Court of Appeals from a "final order affecting the rights or interests of any interested person in an estate". The test of finality of an order is whether it affects with finality any of the rights of the parties in the subject matter. The order denying the motion was not a final order.

Appeal dismissed without prejudice to apply for leave to appeal in the circuit court.

1. APPEAL — COURT OF APPEALS — PROBATE COURTS — ORDERS — FINALITY.

   The determination of which probate court orders are final and which are not, for purposes of determining the jurisdiction of the Court of Appeals, has to be made on a case-by-case basis.

2. COURTS — ORDERS — FINALITY.

   The test of finality of a probate court order is whether it affects with finality any of the rights of the parties in the subject matter.

*Jack C. Chilingirian,* for appellants.

Before: R. B. BURNS, P.J., and BASHARA and M. F. CAVANAGH, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error § 139.

Per Curiam. The decedent, Olga Peekus, willed her estate to the appellants and Edmond Piekus, a/k/a Imant Piekus, a resident of Latvia. The appellants filed a motion in the probate court to have funds held in escrow pending a determination of the nonresident alien's right to share in the personal property of the estate. That motion was denied by order entered February 6, 1980, in the Macomb County Probate Court.

The claim of appeal was filed pursuant to MCL 600.861; MSA 27A.861, which provides *inter alia* that a party to a proceeding in the probate court may appeal as a matter of right to the Court of Appeals from a "final order affecting the rights or interests of any interested person in an estate or trust".[1] Recognizing that a substantial question existed as to the jurisdiction of this Court to entertain an appeal from this probate court order, this Court ordered the parties to file separate briefs on this jurisdictional question. Since the order in question clearly was entered in a decedent's estate, the issue is whether or not the order was a "final" order and therefore appealable to this Court rather than the circuit court.

Since there is no statutory or rule definition of the term "final" as used in MCL 600.861; MSA 27A.861, the determination of which probate court orders are "final" and which are not, for purposes of determining the appellate jurisdiction of this Court, has to be made on a case-by-case basis. *In re Swanson Estate,* 98 Mich App 347; 296 NW2d 256 (1980). The test of finality of a probate court order is whether it affects with finality the rights of the parties in the subject matter. *Equitable Trust Co v Bankers Trust Co,* 268 Mich 394, 397-398; 256 NW

---

[1] This section is part of the new Chapter 8 added to the Revised judicature Act by 1978 PA 543, which took effect July 1, 1979.

460 (1934), *In re Swanson Estate, supra.* The order of the Macomb County Probate Court denying the motion to hold funds in escrow is not dispositive of any of the rights of the parties. We therefore conclude that this order is not a final order appealable as a matter of right to this Court under MCL 600.861; MSA 27A.861. This appeal is therefore dismissed without prejudice to the filing of a motion for leave to appeal in the circuit court for the County of Macomb, pursuant to GCR 1963, 703. *In the Matter of Antieau,* 98 Mich App 341; 296 NW2d 254 (1980).

The appeal is dismissed. It is ordered that the time for filing a proper motion for leave to appeal in the circuit court shall commence with the release date of this opinion.