*In re* MITROS ESTATE

WOODS v MITROS

Docket No. 51887. Submitted February 5, 1981, at Lansing.—Decided May 6, 1981.

The estate of Paul Mitros, deceased, was closed. Thereafter, Henry B. Woods filed a petition to reopen the estate and to have a successor fiduciary appointed. Oakland Probate Court, John J. O'Brien, J., denied the petition. Woods appealed, alleging that the order of the probate court denying his petition was a final order and thus subject to review by the Court of Appeals. The Court of Appeals ordered Woods to submit a brief on that issue which Woods failed to do. *Held:*

1. Since there is no statute or rule which defines the term "final" for purposes of determining jurisdiction of the Court of Appeals to consider challenges of final orders of a probate court, such determination must be made on a case-by-case basis.

2. The order of the probate court denying Woods' petition to reopen the Mitros Estate was not a final order, but rather an order appealable only by leave granted.

3. Woods' appeal is dismissed without prejudice to the filing of a motion for leave to appeal to Oakland Circuit Court.

Appeal dismissed.

1. APPEAL — COURT OF APPEALS — PROBATE COURTS — ORDERS — STATUTES.

A party to a proceeding in a probate court may appeal to the Court of Appeals as a matter of right from a final order affecting the rights or interests of any interested person in an estate or trust (MCL 600.861; MSA 27A.861).

2. APPEAL — COURT OF APPEALS — PROBATE COURTS — ORDERS — WORDS AND PHRASES — STATUTES.

The determination as to whether an order of a probate court is "final" and thus is subject to review by the Court of Appeals as

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 4 Am Jur 2d, Appeal and Error § 139.

[3] 4 Am Jur 2d, Appeal and Error §§ 140, 142.

a matter of right must be made on a case-by-case basis (MCL 600.861; MSA 27A.861).

3. APPEAL — COURT OF APPEALS — PROBATE COURTS — ORDERS.

An order of a probate court denying a petition to reopen an estate and appoint a fiduciary is not a "final" order and is not appealable as of right to the Court of Appeals but may be appealed only by leave granted.

*Barr & Walker,* for petitioner.

*Robert E. Dice,* for respondent.

Before: R. B. BURNS, P.J., and BASHARA and M. F. CAVANAGH, JJ.

PER CURIAM. This decedent's estate was closed on February 10, 1977. On October 9, 1979, appellant filed a petition to reopen the estate and to have a successor fiduciary appointed for the purpose of filing a claim. On May 12, 1980, the probate court entered an order denying the petition to reopen the estate and appoint a fiduciary.

Appellant then timely filed a claim of appeal with this Court pursuant to MCL 600.861; MSA 27A.861 which provides, *inter alia,* that a party to a proceeding in the probate court may appeal as a matter of right to the Court of Appeals from a "final order affecting the rights or interests of any interested person in an estate or trust". Recognizing that a substantial question existed as to the jurisdiction of this Court to entertain an appeal from the probate court order, we ordered the appellant to file a brief on this question, with the opportunity for the appellee to respond. Appellant has failed to file the requested brief. Since the order in question clearly was entered in a decedent's estate, the issue is whether or not the order denying the petition to reopen the estate and appoint a fiduciary was a "final" order and there-

fore appealable to this Court rather than the circuit court.

Since there is no statute or rule which defines the term "final" as used in MCL 600.861; MSA 27A.861, the determination of which probate court orders are "final" and which are not, for purposes of determining the appellate jurisdiction of the Court of Appeals, has to be made on a case-by-case basis. *In re Swanson Estate,* 98 Mich App 347; 296 NW2d 256 (1980). We do not consider the order of the Oakland County Probate Court denying the petition to reopen the estate and appoint a fiduciary, which was filed nearly two and one-half years after the estate was closed, to be a "final order", but rather it is a postjudgment order which is appealable by leave only. It is equivalent to a circuit court order denying a motion for new trial or rehearing filed two and one-half years after final judgment. The appeal is therefore dismissed without prejudice to the filing of a motion for leave to appeal in the circuit court for the County of Oakland, pursuant to GCR 1963, 703. *In the Matter of Antieau,* 98 Mich App 341; 296 NW2d 254 (1980).

The appeal is dismissed. It is ordered that the time for filing a proper motion for leave to appeal in the circuit court shall commence with the release date of this opinion.