107 Mich. App. 778 (1981)
309 N.W.2d 722
IN RE HUMPHREY ESTATE.
HUMPHREY
v.
DETROIT BANK & TRUST COMPANY.
Docket No. 51414.
Michigan Court of Appeals.
Decided July 13, 1981.
Paul M. Koch, for appellant.
Evans & Luptak (by Gordon S. Gold), for appellee.
Before: R.B. BURNS, P.J., and BASHARA and M.F. CAVANAGH, JJ.
PER CURIAM.
Before his divorce from his first wife, Charles E. Humphrey, now deceased, established a trust designating himself and his two sons by his first marriage as the beneficiaries. Later, *780 the trust instrument was amended to provide that the Detroit Bank & Trust Company would be the successor trustee upon his death. Humphrey then executed a will naming his second wife, the appellant here, as the sole beneficary and designated Detroit Bank & Trust Company as executor. The assets of the trust were substantial and came primarily from the stock of two businesses owned by Humphrey and his brother.
Upon decedent's demise in December, 1976, the Detroit Bank & Trust Company assumed its duties as executor of his estate and trustee of the inter vivos trust. It filed its inventory and its first annual account as executor. After the appellant withdrew her objections to the account, the probate court entered an order allowing the first annual account of the executor.
After obtaining the services of different counsel and four months after the allowance of the first annual account, the appellant filed a petition, later twice amended, asking the probate court to remove the Detroit Bank & Trust Company as executor, to set aside the allowance of the first annual account, and to hold the inter vivos trust invalid so that its assets might be included in the decedent's estate. This petition and one for rehearing were denied.
Appellant then filed with this Court a claim of appeal from the order denying this petition pursuant to MCL 600.861; MSA 27A.861, which provides inter alia that a party to a proceeding in the probate court may appeal as a matter of right to the Court of Appeals from a "final order affecting the rights or interests of any interested person in an estate or trust". Since the order in question was entered in a decedent's estate, the issue is whether or not the order here involved was a *781 "final" order and therefore appealable to this Court rather than the circuit court. The parties have filed separate briefs on the question of this Court's jurisdiction.
Since there is no statutory or rule definition of the term "final" as used in MCL 600.861; MSA 27A.861, the determination of which probate court orders are "final" and which are not, for purposes of determining the appellate jurisdiction of this Court, must be made on a case-by-case basis. In re Swanson Estate, 98 Mich App 347; 296 NW2d 256 (1980). The test of finality of a probate court order is whether it affects with finality the rights of the parties in the subject matter. Equitable Trust Co v Bankers Trust Co, 268 Mich 394, 397-398; 256 NW 460 (1934), In re Swanson Estate, supra.
The fact that one or more rulings of the probate court contained in an order may be appealable as a matter of right to this Court does not render the entire order appealable to the Court of Appeals. In re Butterfield Estate, 100 Mich App 657, 667-668; 300 NW2d 359 (1980). The finality of each ruling or decision contained in the probate court order must be considered individually and can be determined only by an examination of the effect on the rights of the parties involved.
The petition here involved constituted a motion for rehearing of the order allowing the first annual account. An order denying a rehearing is not a "final" order but, rather, a post-judgment order, which, in and of itself, is appealable by leave only. In re Mitros Estate, 106 Mich App 271; 307 NW2d 471 (1981). Therefore, that portion of the order denying the petition to set aside the allowance of the first annual account was not a "final" order appealable as a matter of right to this Court under MCL 600.861; MSA 27A.861.
*782 We also hold that that portion of the order denying invalidation of the inter vivos trust is not a "final order" appealable as a matter of right to this Court under MCL 600.861; MSA 27A.861. We note that the question of the validity of the inter vivos trust is the subject of a separate action pending in the Oakland County Circuit Court.
Regarding the petition to remove the bank as executor, we choose not to apply our dictum in the opinion of In re Butterfield Estate, supra, where we stated that an order denying a petition to remove a trustee of a testamentary trust was a final order appealable as a matter of right but dismissed that portion of the appeal as moot due to the intervening death of the trustee in question. The impact of an order denying removal of an executor or personal representative is different from that of an order denying removal of a testamentary trustee. Normally, testamentary trusts are by nature of long duration. Further, Article 8 of the Revised Probate Code, MCL 700.801 et seq.; MSA 27.5801 et seq., provides for an independent administration of trusts. Although MCL 700.814; MSA 27.5814 requires a trustee to keep all beneficiaries of the trust informed of the administration, no section of Article 8 of the code requires court approval of the annual accounts of testamentary trustees who are acting under the provisions of Article 8 of the code.[1]
On the other hand, the Revised Probate Code indicates a legislative policy in favor of the completion of the administration of decedent's estates without undue delay.[2] Further, in the instant case, *783 the executor bank is conducting the affairs of the decedent's estate under the supervision of the probate court. Since that portion of the order denying the petition to remove the bank as executor is not dispositive of any of the substantial rights of the parties, we conclude that this portion of the order is not a "final order" appealable as a matter of right to this Court under MCL 600.861; MSA 27A.861.
This appeal is therefore dismissed without prejudice to the appellant to pursue her appropriate appellate remedies in the circuit court.
The appeal is dismissed.
NOTES
[1] Although the trustees of the Butterfield trust were not proceeding under Article 8, they may in the future. MCL 700.834; MSA 27.5834.
[2] Section 167 of the Revised Probate Code, MCL 700.167; MSA 27.5167, provides that pecuniary devises bear interest beginning one year after appointment of the first personal representative, unless otherwise provided by will. Section 357 of the Code, MCL 700.357; MSA 27.5357, sets a fourteen-month time limit on the administration of an estate in independent probate, at the expiration of which time the personal representative must justify failure to conclude the administration of the estate.