In Re McCOY ESTATE

(SATOVSKY v FOX)

Docket No. 54709. Submitted May 15, 1981, at Lansing.—Decided August 6, 1981.

Abraham Satovsky, as trustee of a testamentary trust, filed a petition in Wayne Probate Court seeking an order instructing Jacqueline L. Fox and Louis L. Silverfarb, as the other trustees of the testamentary trust, to comply with unanimous vote agreements entered into subsequent to the creation of the trust and contrary to the majority voting provision contained in the will of the settlor, Mary J. McCoy. Following a hearing, the probate court found that the unanimous vote agreements were not binding and had no legal effect and that the majority voting provision applied, Ernest C. Boehm, J. Satovsky appeals. *Held:*

The probate court order is not a final order, appealable as of right in the Court of Appeals. The appeal is dismissed without prejudice.

Dismissed.

1. APPEAL — PROBATE COURT ORDERS — FINAL ORDERS — STATUTES.

The finality of a probate court decision depends on whether it affects with finality the rights of the parties in the subject matter, and the determination of which probate orders are final for the purpose of establishing jurisdiction in the Court of Appeals must be made on a case-by-case basis (MCL 600.861; MSA 27A.861).

2. APPEAL — PROBATE COURT ORDERS — FINAL ORDERS — STATUTES.

A probate court order resolving a dispute among trustees regarding their decision-making authority and not between trustees and beneficiaries regarding the fiscal management of the trust or the distribution or retention of the income or principal of the trust is not a final order appealable as of right in the Court of Appeals and properly should be appealed in a circuit court (MCL 600.861; MSA 27A.861).

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 4 Am Jur 2d, Appeal and Error § 139 *et seq.*

Abraham Satovsky, *in propria persona.*

*Kaufman, Roche & Ward, P.C.,* for defendant.

Before: R. B. BURNS, P.J., and BASHARA and M. F. CAVANAGH, JJ.

PER CURIAM. The will of the deceased, Mary Jane McCoy, left the residue of her estate, consisting primarily of a majority of the shares of the capital stock of Detroit First Aid Company, to three, named trustees, Jacqueline L. Fox, her daughter, Abraham Satovsky, the appellant, and another person. The will provided for the payment of the income of the trust to Jacqueline L. Fox during her lifetime and then to her two children, Stephen Fox and Susan Fox. The will also provided for the ultimate distribution of the trust corpus and contained a provision that a decision of the majority of the trustees would be binding on all of the trustees. A will contest was settled by the appointment of James H. Sexton as the third trustee in place of the third person named in the will. The settlement agreement also provided that Jacqueline L. Fox, the appellant, and Sexton would constitute the board of directors of the company.

When Sexton died in 1971, the appellant would not agree to the appointment of Frank H. Finney as a replacement trustee and third board member until an agreement was signed providing that the decisions of the trustees of the testamentary trust and of the board of directors of Detroit First Aid would have to be by unanimous, rather than majority, vote. When Finney died in 1975, the appellant would not agree to the appointment of Louis L. Silverfarb in his place as a trustee and director until an agreement was signed providing for the

same unanimous vote restrictions on the trust and the company. Some five years later, Fox and Silverfarb decided not to comply with the unanimous vote agreements. Acting in their capacities as trustees of the testamentary trust, they decided to vote the shares of stock under their control in favor of Jacqueline L. Fox's husband, Henry Fox, Jr., to replace appellant on the board of directors of the company.

Appellant then filed a petition to have the Wayne County Probate Court instruct the trustees to comply with the unanimous vote agreement. After a hearing on the petition, the probate court issued an order holding that Jacqueline L. Fox, appellant, and Silverfarb were validly appointed trustees of the testamentary trust, that these three trustees were bound by the majority vote of the trustees in the election of the board of directors for the company, and that the unanimous vote agreements signed in 1971 and 1975 had no binding or legal effect on the trust.

Appellant then filed with this Court a claim of appeal from this probate court order pursuant to MCL 600.861; MSA 27A.861 which provides, *inter alia,* that a party to a proceeding in the probate court may appeal as a matter of right to the Court of Appeals from a "final order affecting the rights or interests of any interested person in an estate or trust". Since the order in question involves a testamentary trust and the appellant as a trustee is an "interested person" as defined by § 7 of the Revised Probate Code, MCL 700.7; MSA 27.5007, the issue is whether or not the order here involved was a "final" order and therefore appealable to this Court rather than the circuit court. Appellant has filed a separate brief on the question of this Court's jurisdiction.

Since there is no statutory or rule definition of the term "final" as used in MCL 600.861; MSA 27A.861, the determination of which probate court orders are "final" and which are not, for purposes of determining the appellate jurisdiction of this Court, must be made on a case-by-case basis. *In re Swanson Estate,* 98 Mich App 347; 296 NW2d 256 (1980). The test of finality of a probate court order is whether it affects with finality the rights of the parties in the subject matter. *Equitable Trust Co v Banker's Trust Co,* 268 Mich 394, 397-398; 256 NW 460 (1934), *In re Swanson Estate, supra.*

This case is not a dispute between the trustees and the beneficiaries regarding the fiscal management of the trust or distribution or retention of the income or principal of the trust. Rather, it is a dispute among the trustees regarding decision-making authority. Unlike *In re Butterfield Estate,* 100 Mich App 657; 300 NW2d 359 (1980), this appeal does not involve the pecuniary interests of the beneficiaries of the trust or any possible personal financial liability on the part of the appealing trustee.

We therefore hold that the probate court order in question is not a "final order", appealable as a matter of right to this Court under MCL 600.861; MSA 27A.861. This appeal therefore is dismissed without prejudice to the appellant to pursue his appropriate appellate remedies in the circuit court.[1]

The appeal is dismissed.

---

[1] This result is consistent with the proposed amendment to Probate Court Rule 801. 411 Mich 1125. If adopted, proposed PCR 801.2(c)(3) would provide that a probate court order interpreting or construing a testamentary instrument would be a final order. However, the probate court order in the instant case does not involve the interpretation of the testamentary instrument, which is unambiguous on its face, but rather concerns the legal effect of documents extraneous to the testamentary instrument.