*In re* BOLLMAN ESTATE

HORA v DEPARTMENT OF TREASURY

Docket No. 57180. Submitted June 30, 1981, at Lansing.—Decided January 20, 1982.

Kenneth Hora, as personal respresentative of the estate of Blanche M. Bollman, deceased, petitioned St. Joseph Probate Court for a final determination of inheritance taxes for the estate. The probate court dismissed the petition on the ground that it was an untimely petition for rehearing of an earlier order which had determined the estate's inheritance taxes, John E. Morley, J. The petitioner appeals. *Held:*

The order from which the petitioner appeals is not a final order but a post-judgment order, appealable by leave only. Thus, the appeal is dismissed. The petitioner may seek leave to appeal in St. Joseph Circuit Court.

Dismissed.

1. APPEAL — PROBATE COURTS — FINALITY OF ORDERS — POST-JUDGMENT ORDERS.

A probate court order denying a petition for rehearing of a final determination of the inheritance taxes of a decedent's estate is not a final order, appealable of right in the Court of Appeals, but is a post-judgment order, appealable by leave only (MCL 600.861; MSA 27A.861).

2. APPEAL — PROBATE COURTS — POST-JUDGMENT ORDERS.

A party whose petition for rehearing of a final determination of the inheritance taxes of a decedent's estate is denied by a probate court may seek leave to appeal the probate court's order in a circuit court (GCR 1963, 703).

*Fleck, Holleran & Trexler,* and *O'Malley & Welty,* for the estate.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 42 Am Jur 2d, Inheritance, Estate and Gift Taxes §§ 315, 316.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Thomas J. Kenny,* Assistants Attorney General, for the Department of Treasury.

Before: R. B. Burns, P.J., and Bashara and M. F. Cavanagh, JJ.

Per Curiam. On September 20, 1979, the personal representative of the estate of Blanche M. Bollman, deceased, filed a petition for a final determination of inheritance taxes in the St. Joseph County Probate Court. Evidence was introduced and arguments made at the hearing held on the petition. On December 3, 1979, the probate court entered an order making a final determination of inheritance taxes.

After the conclusion of negotiations with the Internal Revenue Service concerning costs and expenses of administration of the estate, the personal representative filed another petition for final determination of inheritance taxes on March 9, 1981. On March 16, 1981, the probate court entered an order dismissing this second petition on the ground that it was an untimely petition for rehearing of the 1979 order determining inheritance taxes.

The personal representative then timely filed with this Court a claim of appeal from the order dismissing the second petition for a final determination of inheritance taxes, pursuant to MCL 600.861; MSA 27A.861, which provides, *inter alia,* that a party to a proceeding in the probate court may appeal as a matter of right to the Court of Appeals from a "final order affecting the rights or interests of any interested person in an estate or trust". Since the order in question was entered in a decedent's estate, the issue is whether or not the

order here involved was a "final" order and therefore appealable to this Court rather than the circuit court. The parties have filed separate briefs on the question of this Court's jurisdiction.

The petition here involved constituted a motion for rehearing of the December 3, 1979, order determining inheritance taxes. An order denying a rehearing is not a "final" order but, rather, a post-judgment order, which, in and of itself, is appealable by leave only. *In re Humphrey Estate,* 107 Mich App 778; 309 NW2d 722 (1981), *In re Mitros Estate,* 106 Mich App 271; 307 NW2d 471 (1981). Therefore, the order appealed here is not a "final" order appealable as a matter of right to this Court under MCL 600.861; MSA 27A.861.

This appeal is therefore dismissed without prejudice to the filing of a motion for leave to appeal in the circuit court for the County of St. Joseph, pursuant to GCR 1963, 703. *In the Matter of Antieau,* 98 Mich App 341; 296 NW2d 254 (1980).

The appeal is dismissed.