*In re* WERNEY ESTATE

GREAT LAKES CONTAINER CORPORATION v WERNEY

Docket No. 57318. Submitted December 15, 1981, at Lansing.—Decided January 20, 1982. Leave to appeal applied for.

In 1977, the Oakland Probate Court allowed certain claims of Great Lakes Container Corporation against the estate of Morris Werney. More than three years later, Great Lakes filed a motion to compel payment. Anne Werney, personal representative of the estate, opposed the motion and moved for a rehearing on the allowance of the claims. The court, Norman R. Barnard, J., denied rehearing and ordered immediate payment. The personal representative claimed an appeal of right. *Held:*

The order appealed from is not a final order affecting the rights or interests of any interested person in the estate and is not appealable of right.

Dismissed.

1. APPEAL — PROBATE COURTS — FINALITY OF ORDERS.

The determination of which probate court orders are final and which are not, for purposes of determining the jurisdiction of the Court of Appeals, has to be made on a case-by-case basis because there is no statutory or rule definition of the term "final" (MCL 600.861; MSA 27A.861).

2. COURTS — FINALITY OF ORDERS.

The test of finality of an order of a probate court is whether it affects with finality any of the rights of the parties in the subject matter.

3. COURTS — PROBATE COURTS — FINALITY OF ORDERS.

Finality of a probate court order can only be determined by analysis of the issues decided by a particular probate court order and its precise effect on the rights of the parties involved.

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5] 4 Am Jur 2d, Appeal and Error § 139 *et seq.*
[4] 4 Am Jur 2d, Appeal and Error § 140.

4. Appeal — Probate Courts — Finality of Orders.

   A probate court order compelling an estate to pay claims allowed by a prior order is not a final order appealable of right (MCL 600.861; MSA 27A.861).

5. Appeal — Probate Courts — Finality of Orders.

   An order of a probate court denying a rehearing of an order allowing claims is not a final order appealable of right, it is a post-judgment order appealable by leave only (MCL 600.861; MSA 27A.861).

*Jaffe, Snider, Raitt & Heuer, P.C.* (by *Thomas J. Tallerico* and *Brian G. Shannon*), for Great Lakes Container Corporation.

*Evans & Luptak* (by *Andrew M. Barbas* and *Gordon S. Gold*), for Anne Werney.

Before: R. B. Burns, P.J., and Bashara and M. F. Cavanagh, JJ.

Per Curiam. On October 26, 1977, the Oakland County Probate Court entered an order allowing several claims against the estate, including that of the appellee. More than three years later, appellee filed a motion to compel payment of its claim. The personal representative of the estate opposed this motion and then filed a motion for rehearing of the previous order which had allowed the claim. On April 2, 1981, the probate court entered an order denying the motion for rehearing as untimely filed and ordering the estate to immediately pay the claim in the amount provided in the previous order of October 26, 1977.

The appellant personal representative then filed with this Court a claim of appeal from the order of April 2, 1981, pursuant to MCL 600.861; MSA 27A.861, which provides, *inter alia,* that a party to a proceeding in the probate court may appeal as a

matter of right to the Court of Appeals from a "final order affecting the rights or interests of any interested person in an estate or trust". Since the order in question was entered in a decedent's estate, the issue is whether or not the order here involved was a "final" order and therefore appealable to this Court rather than the circuit court. The parties have filed separate briefs on the question of this Court's jurisdiction.

Since there is no statutory or rule definition of the term "final" as used in MCL 600.861; MSA 27A.861, the determination of which probate court orders are "final" and which are not, for purposes of determining the appellate jurisdiction of this Court, must be made on a case-by-case basis. *In re Swanson Estate,* 98 Mich App 347; 296 NW2d 256 (1980). The test of finality of a probate court order is whether it affects with finality the rights of the parties in the subject matter. *Equitable Trust Co v Bankers Trust Co,* 268 Mich 394, 397-398; 256 NW 460 (1934), *In re Swanson Estate, supra.* The finality of each ruling or decision contained in the probate court order must be considered individually and can be determined only by an examination of the effect on the rights of the parties involved.

That provision of the order of April 2, 1981, which directed the estate to pay to appellee the amount specified in the order of October 26, 1977, did not decide the appellee's claim but rather held that the claim was allowed by the 1977 order and directed compliance with that order. Therefore, the order appealed from did not determine the substantive rights of the parties but enforced the previous determination made by the probate court. Therefore, this provision of the order appealed from is not a "final" order appealable as a matter

of right to this Court pursuant to MCL 600.861; MSA 27A.861.

An order denying rehearing is not a "final" order but, rather, a post-judgment order which, in and of itself, is appealable by leave only. *In re Humphrey Estate,* 107 Mich App 778; 309 NW2d 722 (1981), *In re Mitros Estate,* 106 Mich App 271; 307 NW2d 471 (1981). Therefore, that portion of the order denying rehearing of the October 26, 1977, order was not a "final" order appealable as a matter of right to this Court under MCL 600.861; MSA 27A.861.

This appeal is therefore dismissed without prejudice to the filing of a motion for leave to appeal in the circuit court for the County of Oakland, pursuant to GCR 1963, 703. *In the Matter of Antieau,* 98 Mich App 341; 296 NW2d 254 (1980).

The appeal is dismissed.