## WAATTI & SONS ELECTRIC COMPANY v DEHKO

Docket No. 197851. Submitted April 23, 1998, at Detroit. Decided July 7, 1998, at 9:15 A.M. Leave to appeal sought.

Waatti & Sons Electric Company brought an action in the Macomb Circuit Court against Shaya Construction Company, Inc., alleging claims of open account, breach of contract, and unjust enrichment, and obtained a default judgment against the defendant. When the principal defendant, Shaya Construction, was unable to pay the judgment, the plaintiff served a writ of garnishment on Tarik Dehko, seeking money allegedly still owed by the garnishee defendant to the principal defendant under a construction contract. The garnishee defendant filed disclosures denying that he was indebted to the principal defendant. The court, Michael D. Schwartz, J., granted summary disposition for the garnishee defendant on the basis that on the date that the garnishee defendant was served with the writ of garnishment there was no fixed amount of any debt owed by the garnishee defendant to the principal defendant. The court, thereafter, denied the plaintiff's motion for rehearing and reconsideration, rejecting the plaintiff's argument that the damages arising from a garnishee defendant's breach of contract need not be reduced to a judgment to be a proper subject of garnishment as long as they were ascertainable from the contract. The plaintiff appealed.

The Court of Appeals *held*:

1. Although the garnishee defendant is correct in his assertion that the plaintiff's claim of appeal was not timely filed, under these circumstances and as a matter of discretion, the plaintiff's appellate pleadings will be treated as an application for leave to appeal, and leave to appeal will be granted so that the issue on appeal can be resolved on the merits.

2. MCL 600.4011; MSA 27A.4011 provides that a court's garnishment power extends to any obligation owed to a principal defendant if the garnishee defendant is subject to the court's jurisdiction and that the court's exercise of that garnishment power must be in accordance with the Michigan Court Rules. MCR 3.101(G)(1)(d) provides that a garnishee defendant is liable for all debts, whether or not due, owing by the garnishee defendant to a principal defend-

ant on the date the writ of garnishment was served on the garnishee defendant, except for debts evidenced by negotiable instruments or representing the principal defendant's earnings. Debts due in the future are those that are already fixed in amount or are capable of being so fixed and that do not depend for their validity or amount on anything to be done or earned in the future or on a continued liability that may be changed by events.

3. Where an obligation of a garnishee defendant to a principal defendant arises out of a contract under which the garnishee defendant's debt is capable of being fixed but the garnishee defendant has asserted that there is no further indebtedness, a court should try the issue of the garnishee defendant's liability in the same manner as other civil actions. Because the garnishee defendant admitted that he had contracted with the principal defendant to have a house built at a set price, that the principal defendant had performed some, if not all, of the contracted services, and that on the date he was served with the writ of garnishment he had paid to the principal defendant less than the contract price, the court could have ascertained the amount of any debt still owing under the contract in light of the proffered evidence. Accordingly, the court erred in granting summary disposition for the garnishee defendant.

Reversed and remanded.

1. GARNISHMENT — PRESENT DEBTS — FUTURE DEBTS.

A garnishee defendant is liable for all debts, whether or not due, owing by the garnishee defendant to a principal defendant on the date the writ of garnishment was served on the garnishee defendant, except for debts evidenced by negotiable instruments or representing the principal defendant's earnings; debts due in the future are those that are already fixed in amount or are capable of being so fixed and that do not depend for their validity or amount on anything to be done or earned in the future or on a continued liability that may be changed by events (MCL 600.4011[1][b]; MSA 27A.4011[1][b]; MCR 3.101[G][1][d]).

2. GARNISHMENT — CONTRACTS — EXTENT OF LIABILITY — TRIAL.

A court should try the issue of a garnishee defendant's liability in the same manner as other civil actions where the obligation of the garnishee defendant to a principal defendant arises out of a contract under which the garnishee defendant's debt is capable of being fixed but the garnishee defendant has asserted that there is no further indebtedness.

*Donald P. Howard & Associates, P.C.* (by *Donald P. Howard*), for the plaintiff.

*Peter J. Lucido, P.C.* (by *Peter J. Lucido*), for the defendant.

Before: JANSEN, P.J., and KELLY and MARKEY, JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order granting garnishee defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We reverse and remand.

Plaintiff filed the underlying action against Shaya Construction Company, Inc., alleging claims of open account, breach of contract, and unjust enrichment and obtained a default judgment against Shaya Construction for $30,480.32, with costs, on February 3, 1994. Shaya Construction was unable to pay the judgment. Shaya Construction, a general contractor, had contracted with garnishee defendant to construct garnishee defendant's home. Garnishee defendant paid Shaya Construction approximately $239,500 of the $300,000 construction contract. Therefore, plaintiff served a writ of garnishment on garnishee defendant on September 15, 1995. In response, garnishee defendant filed disclosures denying that he was indebted to Shaya Construction. On July 1, 1996, the trial court granted garnishee defendant's motion for summary disposition, stating that on the date the writ of garnishment was served there was no fixed amount of any debt owed by garnishee defendant to Shaya Construction. On its motion for rehearing and reconsideration, plaintiff argued that the damages arising from garnishee defendant's breach of contract need not be reduced to judgment in order to be the proper subject of garnishment, as long as they were readily ascertainable from the contract. The trial

court disagreed, and thus denied the motion for rehearing and reconsideration.

On appeal, we first choose to address garnishee defendant's argument that we do not have jurisdiction over this matter because plaintiff failed to timely file its appeal of right. We agree with garnishee defendant that plaintiff's filing was untimely because it failed to comply with the timing requirements as set forth in MCR 7.204. However, we may, in our discretion, accept the pleadings as an application for leave to appeal, grant the appeal, and resolve the appealed issue on the merits. *Guzowski v Detroit Racing Ass'n, Inc*, 130 Mich App 322, 324; 343 NW2d 536 (1983). Under the circumstances, we so choose. By now, the parties and this Court have invested a great deal of time in this matter. Because the trial court was incorrect in granting garnishee defendant's motion for summary disposition, it would be unfair to deny plaintiff's recovery on a mere procedural error.

We now turn to the primary issue presented on appeal, which is whether the trial court erred in granting garnishee defendant's motion for summary disposition. MCR 2.116(C)(10) permits summary disposition of a claim where "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion for summary disposition brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). The court considers the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted or filed in the action to determine whether a genuine issue of any

material fact exists to warrant a trial. *Id.* A trial court's decision regarding a motion for summary disposition is reviewed de novo. *Id.* Additionally, resolution of the issue on appeal involves interpretation of the court rules. Interpretation of the court rules presents a question of law, which is reviewed de novo. *Auto Club Ins Ass'n v General Motors Corp,* 217 Mich App 594, 598; 552 NW2d 523 (1996).

The parties' arguments principally concern whether any debt was "owing" by garnishee defendant to Shaya Construction at the time plaintiff served garnishee defendant with the writ of garnishment. Plaintiff contends that the trial court erred in granting garnishee defendant's motion for summary disposition because the evidence it submitted showed that garnishee defendant owed Shaya Construction for payments not yet received pursuant to the parties' contract. Defendant counters by arguing that plaintiff failed to establish that garnishee defendant was indebted to Shaya Construction in any amount, primarily because the debt had not been reduced to judgment at the time plaintiff served garnishee defendant with the writ of garnishment. We hold that the trial court erred in granting garnishee defendant's motion for summary disposition because the debt garnishee defendant owed to Shaya Construction when garnishee defendant was served with the writ of garnishment was ascertainable from the parties' contract and other competent evidence.

MCL 600.4011(1); MSA 27A.4011(1) states, in pertinent part:

> [T]he court has power by garnishment to apply the following property or obligation, or both, to the satisfaction of a claim evidenced by contract, judgment of this state, or

foreign judgment, whether or not the state has jurisdiction over the person against whom the claim is asserted.

\*　\*　\*

(b) An obligation owed to the person against whom the claim is asserted if the obligor is subject to the judicial jurisdiction of the state.

Pursuant to MCL 600.4011(2); MSA 27A.4011(2), the court may exercise its garnishment power only in accordance with the Michigan Court Rules. In turn, MCR 3.101(G)(1)(d), the court rule on which the trial court relied in granting garnishee defendant's motion for summary disposition,[1] provides in pertinent part:

Subject to the provisions of the garnishment statute and any setoff permitted by law or these rules, the garnishee is liable for

\*　\*　\*

(d) all debts, whether or not due, owing by the garnishee to the defendant when the writ is served on the garnishee, except for debts evidenced by negotiable instruments or representing the earnings of the defendant.

The trial court erred in concluding that MCR 3.101(G)(1)(d) required that the debt garnishee defendant owed to Shaya Construction must be reduced to judgment before the writ of garnishment was served in order to qualify as a "debt owing." In

---

[1] The trial court also cited MCR 3.101(G)(1)(g) in its opinion and order granting garnishee defendant' motion for summary disposition. MCR 3.101(G)(1)(g) states that the garnishee is liable for "all judgments in favor of the defendant against the garnishee in force when the writ is served on the garnishee." There is no evidence that Shaya Construction had obtained a judgment against garnishee defendant before service of the writs. It did, however, obtain a binding arbitration award in its favor after service of the writs.

*Chayka v Brown*, 92 Mich App 360, 367; 284 NW2d 530 (1979), this Court interpreted GCR 1963, 738.5(4), the former court rule governing the garnishment of debts owed to defendants:

> GCR 1963, 738.5(4) further provides that the garnishee defendants are liable for all debts they owed to the principle defendants at the time of the service of the writ "whether or not they are due." In its interpretation of this clause, Michigan is in accord with the majority of jurisdictions which hold that for a garnishment to be effective there must be an existing debt. Debts due in the future then refer to claims which are already fixed in amount or capable of being so fixed, and which do not depend for their validity or amount on anything to be done or earned in the future, or a continued liability which may be changed by events.

Here, the trial court erred in granting garnishee defendant's motion for summary disposition simply because garnishee defendant denied liability to Shaya Construction and the debt garnishee defendant owed Shaya Construction was otherwise not fixed. Where a garnishee defendant denies liability, the proper course is for the trial court to try the issue of the garnishee defendant's liability "in the same manner as other civil actions." MCR 3.101(M)(1); see also *Rutter v King*, 57 Mich App 152, 170-171; 226 NW2d 79 (1974). Here, the debt, which arose from a contract between Shaya Construction and garnishee defendant, was capable of being fixed, and its validity did not depend on any future action to be taken by the parties to the contract. See *Talbert v Solventol Chemical Products, Inc*, 304 Mich 557, 562-563; 8 NW2d 637 (1943) (garnishment proper where damages ascertainable from terms of contract and additional testimony); see also *Rutter, supra*, pp 169-170.

Thus, the issue in garnishee defendant's motion for summary disposition was, in accordance with MCR 2.116(C)(10), whether plaintiff submitted sufficient evidence to provide factual support for its claim that garnishee defendant owed a debt to Shaya Construction at the time plaintiff served the writ of garnishment on garnishee defendant. As garnishee defendant admits, before plaintiff served either writ of garnishment, Shaya Construction performed some, if not all, of the service it contracted to perform for garnishee defendant pursuant to their 1992 contract. The original contract obligated garnishee defendant to pay approximately $300,000 to Shaya Construction for its services. Evidence showed that garnishee defendant paid only a portion of that amount, or $239,500.[2] Thus, the debt could have been fixed with reference to the parties' contract and other competent evidence. Because plaintiff submitted evidence from which the trial court could ascertain the amount of the debt garnishee defendant owed Shaya Construction, the trial court erred in granting garnishee defendant's motion for summary disposition.

Reversed and remanded for a determination of the amount owed by garnishee defendant to Shaya Construction. We do not retain jurisdiction.

---

[2] Moreover, we note that plaintiff's counsel during oral argument conceded that plaintiff would be limited to recovery of $21,340.43.