WAATTI & SONS ELECTRIC COMPANY v DEHKO

Docket No. 224513. Submitted December 11, 2001, at Detroit. Decided
February 5, 2002, at 9:25 A.M.

Waatti & Sons Electric Company brought an action in the Macomb
Circuit Court against Shaya Construction Company, Inc., and
obtained a money judgment by default. When the defendant was
unable to pay the judgment, the plaintiff served a writ of garnish-
ment on Tarik Dehko, seeking money allegedly owed by the gar-
nishee defendant to the principal defendant under a construction
contract. The garnishee defendant filed disclosures denying that he
was indebted to the principal defendant. The court, Michael D.
Schwartz, J., granted summary disposition for the garnishee defen-
dant on the basis that on the date the garnishee defendant was
served with the writ of garnishment there was no fixed amount
owed by the garnishee defendant to the principal defendant. The
court thereafter denied the plaintiff's motion for rehearing and
reconsideration, rejecting the plaintiff's argument that the damages
arising from a garnishee defendant's breach of contract need not be
reduced to a judgment to be a proper subject of garnishment as
long as they were ascertainable from the contract. On appeal by
the plaintiff, the Court of Appeals, JANSEN, P.J., and KELLY and
MARKEY, JJ., reversed and remanded for a determination of the
amount owed by the garnishee defendant to the principal defen-
dant. The Court of Appeals held that the trial court erred in grant-
ing summary disposition for the garnishee defendant simply on the
basis that the garnishee defendant denied liability to the principal
defendant and the debt the garnishee defendant owed to the princi-
pal defendant was otherwise not fixed, and that where a garnishee
defendant denies liability, the proper course is for the trial court to
try the issue of the garnishee defendant's liability in the same man-
ner as other civil actions. 230 Mich App 582 (1998). On remand, the
trial court conducted an evidentiary hearing to determine the
amount owed by the garnishee defendant to the principal defen-
dant and ultimately granted summary disposition for the plaintiff.
The garnishee defendant appealed.

The Court of Appeals *held*:

1. The trial court erred as a matter of law in conducting an evidentiary hearing to determine the amount owed by the garnishee defendant to the principal defendant. The case was remanded for a determination of the garnishee defendant's liability "in the same manner as other civil actions." Given that the plaintiff made a demand for a jury trial, assuming that there was a genuine issue of fact regarding the garnishee defendant's liability, the question is properly for the jury, not the trial court.

2. The trial court erred in granting the plaintiff's motion for summary disposition. The trial court should have granted summary disposition for the garnishee defendant. Although the principal defendant received a monetary award after binding arbitration of the contractual dispute between it and the garnishee defendant, no judgment was entered on the arbitration award and the garnishee defendant's liability under the arbitration award was set off against the principal defendant's liability under the garnishee defendant's claim against the principal defendant when the trial court that heard the contractual dispute entered an order dismissing the principal defendant's motion to enter judgment on the arbitration award in exchange for the dismissal of the garnishee defendant's claim against the principal defendant.

Reversed and remanded.

*Donald P. Howard & Associates, P.C.* (by *Donald P. Howard*), for the plaintiff.

*Peter J. Lucido, P.C.* (by *Peter J. Lucido*), for the defendant.

Before: SAAD, P.J., and SAWYER and O'CONNELL, JJ.

PER CURIAM. The underlying facts of this case were set forth in this Court's prior opinion in *Waatti & Sons Electric Co v Dehko*, 230 Mich App 582, 584-585; 584 NW2d 372 (1998):

Plaintiff filed the underlying action against Shaya Construction Company, Inc., alleging claims of open account, breach of contract, and unjust enrichment and obtained a default judgment against Shaya Construction for $30,480.32, with costs, on February 3, 1994. Shaya Construction was

unable to pay the judgment. Shaya Construction, a general contractor, had contracted with garnishee defendant to construct garnishee defendant's home. Garnishee defendant paid Shaya Construction approximately $239,500 of the $300,000 construction contract. Therefore, plaintiff served a writ of garnishment on garnishee defendant on September 15, 1995. In response, garnishee defendant filed disclosures denying that he was indebted to Shaya Construction. On July 1, 1996, the trial court granted garnishee defendant's motion for summary disposition, stating that on the date the writ of garnishment was served there was no fixed amount of any debt owed by garnishee defendant to Shaya Construction. On its motion for rehearing and reconsideration, plaintiff argued that the damages arising from garnishee defendant's breach of contract need not be reduced to judgment in order to be the proper subject of garnishment, as long as they were readily ascertainable from the contract. The trial court disagreed, and thus denied the motion for rehearing and reconsideration.

Plaintiff appealed the trial court's grant of summary disposition to Dehko and both parties asserted "arguments principally concern[ing] whether any debt was 'owing' by garnishee defendant to Shaya Construction at the time plaintiff served garnishee defendant with the writ of garnishment." *Waatti, supra* at 586. In analyzing the issue, this Court considered the rule on which the trial court relied in granting Dehko's motion, MCR 3.101(G)(1)(d), which provides, in pertinent part:

Subject to the provisions of the garnishment statute and any setoff permitted by law or these rules, the garnishee is liable for

*         *         *

(d) all debts, whether or not due, owing by the garnishee to the defendant when the writ is served on the garnishee,

except for debts evidenced by negotiable instruments or representing the earnings of the defendant.

Under the rule, this Court reversed the decision of the trial court and held that "[t]he trial court erred in concluding that MCR 3.101(G)(1)(d) required that the debt garnishee defendant [Dehko] owed to Shaya Construction must be reduced to judgment before the writ of garnishment was served in order to qualify as a 'debt owing.'" *Id.* at 587. The Court further opined:

> [T]he trial court erred in granting garnishee defendant's motion for summary disposition simply because garnishee defendant denied liability to Shaya Construction and the debt garnishee defendant owed Shaya Construction was otherwise not fixed. Where a garnishee defendant denies liability, the proper course is for the trial court to try the issue of the garnishee defendant's liability "in the same manner as other civil actions." MCR 3.101(M)(1); see also *Rutter v King*, 57 Mich App 152, 170-171; 226 NW2d 79 (1974). Here, the debt, which arose from a contract between Shaya Construction and garnishee defendant, was capable of being fixed, and its validity did not depend on any future action to be taken by the parties to the contract. [*Waatti, supra* at 588.]

Accordingly, this Court remanded "for a determination of the amount owed by garnishee defendant to Shaya Construction." *Id.* at 589.

On remand, Waatti filed a motion for summary disposition pursuant to MCR 2.116(C)(10). The trial court took the motion under advisement and then ordered an evidentiary hearing, which it conducted on August 20, 1999. The record indicates that the trial court held the evidentiary hearing because it believed that this Court had instructed it to determine the

amount owed by garnishee defendant to Shaya Construction. Specifically, the trial court remarked:

> Well, let me say this, this Court is going and the [sic] in accordance with the wishes of the Court of Appeals. And they said that I should make a determination of the amount owed by garnishee defendant to Shaya Construction. That's what I'm going to do. You have to agree with that. It's black and white. Mr. Howard agrees, you [Dehko's counsel] agree, let's move on.

We hold that the trial court erred as a matter of law in conducting an evidentiary hearing to determine the amount Dehko owed to Shaya Construction. In short, the trial court misinterpreted the remand order in *Waatti*. Nothing in this Court's prior decision directs the trial court to hold an evidentiary hearing to determine the amount owed by garnishee defendant Dehko to Shaya Construction. While this Court remanded "for a determination of the amount owed by garnishee defendant to Shaya Construction," it did not instruct the trial court to hold an evidentiary hearing to determine that amount. Rather, this Court stated that "the proper course is for the trial court to try the issue of the garnishee defendant's liability *'in the same manner as other civil actions.'* " *Waatti, supra* at 588 (emphasis added).[1]

---

[1] We note that Dehko did not object to the trial court's decision to conduct a hearing to determine the amount owed, and he never asked that a jury, rather than the court, make that determination. Though somewhat vague, the record indicates that Dehko's counsel acquiesced to the trial court's decision to conduct an evidentiary hearing and that the trial court stated on the record, "you [Mr. Lucido] agree, let's move on." While a party ordinarily must object to preserve an issue for appeal, review may also be granted if consideration of the issue is necessary for a proper determination of the case or if the question is one of law and the necessary facts have been presented. *Poch v Anderson*, 229 Mich App 40, 52; 580 NW2d 456 (1998); *Providence Hosp v Labor Fund*, 162 Mich App 191,

Moreover, as Dehko correctly asserts, Waatti made a demand for a jury trial, pursuant to MCR 3.101(M)(4), on October 30, 1995. According to MCR 2.508(D)(3), a demand for a jury trial may not be withdrawn without the written consent or the expression of consent on the record of the parties or their attorneys. Therefore, it was not for the trial court to sit as the trier of fact in determining the amount owed by garnishee defendant to Shaya Construction. Rather, provided there was a genuine issue of material fact in dispute, it was for a jury to decide the amount owed by Dehko to Shaya Construction.

As this Court observed in *McCormick v McCormick*, 221 Mich App 672, 679; 562 NW2d 504 (1997), "[t]he power of a lower court on remand is to take such action as law and justice require that is not inconsistent with the judgment of the appellate court." Given the clear language of the remand order and because Waatti filed a jury demand, it was improper for the trial court to exceed the scope of the remand order by determining this issue following an evidentiary hearing.[2]

The trial court also erred in granting Waatti's motion for summary disposition under MCR

194-195; 412 NW2d 690 (1987). We choose to review the issue on this basis.

[2] The trial court also erred to the extent it relied on testimony presented at the evidentiary hearing to grant Waatti's motion for summary disposition. Indeed, the trial court's action conflicts with the purpose of summary disposition, which is to avoid an evidentiary hearing if there is no genuine issue of material fact and a case can be decided as a matter of law. *American Community Mut Ins Co v Comm'r of Ins*, 195 Mich App 351, 362; 491 NW2d 597 (1992). As this Court observed in *American Community Mut*, "if the nonmoving party cannot raise a material issue of fact, an evidentiary hearing is pointless." *Id.* at 363.

2.116(C)(10).[3] The parties do not dispute that the
issue of Dehko's liability to Shaya Construction was
submitted to binding arbitration, that the arbitrator
awarded $21,340.43 to Shaya against Dehko, and that
the arbitration award was not vacated, corrected, or
modified by the arbitrator or the circuit court. There-
fore, garnishee defendant Dehko clearly failed to
present evidence establishing a genuine issue of mate-
rial fact, at least regarding the amount determined by
an arbitrator that Dehko owed to Shaya Construction.
However, while the arbitrator determined that Dehko
owed money under the contract, it did not determine
that Dehko was legally obligated to pay that amount.
In other words, the arbitrator did not determine
whether Dehko was entitled to "any setoff permitted
by law" under MCR 3.101(G)(1). Moreover, while this
Court stated in its prior decision in *Waatti* that facts
established that garnishee defendant Dehko was
indebted to Shaya Construction, it did not take into
account whether Dehko was entitled to "any setoff
permitted by law" under MCR 3.101(G)(1).

---

[3] In *Waatti, supra* at 585-586, this Court summarized the standard for
reviewing a motion under MCR 2.116(C)(10):

MCR 2.116(C)(10) permits summary disposition of a claim where
"[e]xcept as to the amount of damages, there is no genuine issue as
to any material fact, and the moving party is entitled to judgment
or partial judgment as a matter of law." A motion for summary dis-
position brought under MCR 2.116(C)(10) tests the factual support
of a plaintiff's claim. The court considers the affidavits, pleadings,
depositions, admissions and other documentary evidence submitted
or filed in the action to determine whether a genuine issue of any
material fact exists to warrant a trial. A trial court's decision
regarding a motion for summary disposition is reviewed de novo.
Additionally, resolution of the issue on appeal involves interpreta-
tion of the court rules. Interpretation of the court rules presents a
question of law, which is reviewed de novo. [Citations omitted.]

Contrary to Waatti's assertions on appeal, the law of the case doctrine does not preclude this Court from now determining that garnishee defendant Dehko's liability to Shaya Construction is subject to a setoff. The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with regard to that issue. *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000). Because this Court did not rule that Dehko's liability to Shaya Construction was not subject to any setoff permitted by law, the law of the case doctrine does not apply to this issue.

On September 14, 1993, Oakland Circuit Judge Deborah Tyner entered a stipulated order referring the contractual dispute between Shaya Construction and Dehko to binding arbitration and retained jurisdiction over the matter, specifically reserving the right to "determine the enforceability of the Licensing and Construction Lien Act . . . ." After the arbitrator issued the award, Shaya Construction moved to enter a judgment on the award, while Dehko moved for summary disposition on the licensing and lien issues. On February 16, 1996, the Oakland Circuit Court entered an order dismissing Shaya Construction's motion to enter judgment on the arbitration award and discharging its construction lien against Dehko in exchange for the dismissal of Dehko's cross-claims against Shaya. By doing so, the court, as a matter of law, set aside Dehko's liability to Shaya Construction.

Accordingly, garnishee defendant Dehko's debt to Shaya Construction, as determined by the arbitrator, was eliminated by the circuit court's February 1996 order, which, in effect, set off Dehko's liability to

Shaya. Because Dehko is not legally liable to pay the arbitration award amount of $21,340.43, the trial court should have granted summary disposition to Dehko under MCR 2.116(I)(2); *Auto-Owners Ins Co v Allied Adjusters & Appraisers, Inc*, 238 Mich App 394, 397; 605 NW2d 685 (1999).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.