# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

JOHN HENRY ROZANSKI, APPLIED POWER
AND LIGHT, INC.,

       Plaintiffs-Appellants,

v

FRED S. FINDLING,

       Defendant-Appellee,

and

FINDLING, FINDLING & FINDLING,
FINDLING LAW FIRM, DANIEL FINDLING
LAW FIRM, FINDLING LAW,

       Defendants.

UNPUBLISHED
March 14, 2017

No.   330962
Oakland Circuit Court
LC No.   2015-148324-NM

JOHN HENRY ROZANSKI, APPLIED POWER
AND LIGHT, INC.,

       Plaintiffs-Appellants,

v

FRED S. FINDLING,

       Defendant-Appellee,

and

FINDLING, FINDLING & FINDLING,
FINDLING LAW FIRM, DANIEL FINDLING
LAW FIRM, FINDLING LAW,

       Defendants.

No.   332085
Oakland Circuit Court
LC No.   2015-148324-NM

Before:  RIORDAN, P.J., and METER and FORT HOOD, JJ.

-1-

PER CURIAM.

In Docket No. 330962, plaintiffs appeal as of right the trial court's order granting defendant Fred S. Findling's[1] motion to compel arbitration and for summary disposition pursuant to MCR 2.116(C)(7) (dismissal appropriate because of an agreement to arbitrate). In Docket No. 332085, plaintiffs appeal as of right the trial court's judgment in favor of Fred S. Findling following confirmation of an arbitration award. We affirm in both dockets.

On appeal in Docket No. 330962, plaintiffs argue that the trial court erred in granting summary disposition in favor of defendant where the attorney fee agreement that contained the arbitration provision was invalid. We disagree.

As a preliminary matter, we observe that the order from which plaintiffs claimed an appeal as of right does not provide on its face that it is a final order or judgment of the trial court. Additionally, we note that this order in substance was not a final order, as it did not resolve all pending matters between the parties. See MCR 7.203(A)(1) (providing that the Court of Appeals has jurisdiction of an appeal of right filed by an aggrieved party from "[a] final judgment or final order of the circuit court . . . ." MCR 7.202(6)(a)(i) defines "final judgment" or "final order" as follows:

> the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order[.]

Specifically, the trial court's order did not dispose of all of the claims of the parties and adjudicate all of their rights and liabilities, given that the proceedings in the trial court continued for a significant period of time after this order, and, most notably, defendant subsequently sought to have the trial court confirm the arbitration award. However, plaintiffs could have filed an application for leave to appeal from the trial court's order. See MCR 7.203(B)(1). Therefore, in the interests of finality for the parties, we will exercise our discretion to address plaintiffs' appeal as an application for leave to appeal, grant the application, and proceed to resolve the appeal on the merits. See MCR 7.216(A)(7); *Detroit v Michigan*, 262 Mich App 542, 546; 686 NW2d 514 (2004); *Waatti & Sons Electric Co v Dehko*, 230 Mich App 582, 585; 584 NW2d 372 (1998).

This Court reviews de novo a trial court's ruling on a motion for summary disposition brought pursuant to MCR 2.116(C)(7). *Stoudemire v Stoudemire*, 248 Mich App 325, 332; 639 NW2d 274 (2001). MCR 2.116(C)(7) provides that summary disposition may be granted where "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . an agreement to arbitrate . . . [.]" "This Court must accept all well-pleaded factual allegations as

---

[1] The trial court entered an order dismissing with prejudice defendants Findling, Findling and Findling, PLC, The Findling Law Firm, PLC, the Daniel Findling Law Firm, PLC and Findling Law. These entities are not parties to these appeals. Therefore, any reference to defendant throughout this opinion will pertain only to defendant Fred S. Findling.

true and construe them in favor of the plaintiff, unless the evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010) (footnote and citations omitted).

> If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Id*. (Footnotes and citations omitted.)

"Michigan public policy favors arbitration to resolve disputes[.]" *Rooyakker & Sitz, PLLC v Plante & Moran, PLLC*, 276 Mich App 146, 155; 742 NW2d 409 (2007) (citation omitted).

> A three-part test applies for ascertaining the arbitrability of a particular issue: 1) is there an arbitration agreement in a contract between the parties; 2) is the disputed issue on its face or arguably within the contract's arbitration clause; and 3) is the dispute expressly exempted from arbitration by the terms of the contract? [*In re Nestorovski Estate*, 283 Mich App 177, 203; 769 NW2d 720 (2009).]

This Court has also recognized that any doubts concerning whether an issue is subject to arbitration must be resolved in favor of arbitration. *Watts v Polaczyk*, 242 Mich App 600, 608; 619 NW2d 714 (2000).

Plaintiffs' primary challenges to the arbitration agreement on appeal pertain to the validity of the underlying attorney fee agreement. Plaintiffs do not challenge the validity of the arbitration clause itself. Put simply, plaintiffs contend that there are factual issues concerning whether plaintiff John Henry Rozanski read and signed the attorney fee agreement containing the arbitration agreement where there were clerical mistakes with regard to the pagination of the agreement. Plaintiffs also challenge the validity of the attorney fee agreement where entities named as parties to the agreement, The Findling Law Firm, PLC, and Findling Law were ultimately dismissed from the lawsuit during the lower court proceedings.

In *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 508; 885 NW2d 861 (2016), the Michigan Supreme Court recently set forth the requirements of a valid contract:

> A valid contract requires five elements: (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation. [Citation and quotation marks omitted.]

Plaintiffs' argument concerning the clerical errors in the pagination of the attorney fee agreement implicates the necessary element for a contract of mutual assent. "In order for there to be an enforceable agreement between the parties, there must be "mutual assent" to be bound—that is, the parties must have a 'meeting of the minds' on all the essential elements of the agreement." *Huntington Nat'l Bank v Daniel J. Aronoff Living Trust*, 305 Mich App 496, 508; 853 NW2d 481 (2014). However, the record evidence does not support plaintiffs' assertion that they did not

intend to be bound by the provision in the attorney fee agreement regarding arbitration. In support of their response to defendant's motion for summary disposition, plaintiffs submitted two affidavits executed by Rozanski that we have closely reviewed. Notably, Rozanski did not aver that he did not read the agreement or that he did not sign it. Rozanski also did not contend that he did not see the provision regarding arbitration in the attorney fee agreement. Therefore, while plaintiffs raise issues concerning the pagination of the agreement, the record does not support plaintiffs' assertion that factual disputes existed with regard to whether Rozanski signed the attorney fee agreement containing the arbitration clause. Additionally, to the extent that plaintiffs challenge the attorney fee agreement on the basis that they mistakenly believed that other entities were parties to the attorney fee agreement, any unilateral mistake with regard to this issue would not serve as a basis for voiding the contract. See, e.g. *Meyer v Rosenbaum*, 71 Mich App 388, 394; 248 NW2d 558 (1976) (recognizing that a unilateral mistake of fact will not vitiate a written contract); see also *In re Lett Estate*, 314 Mich App 587, 602; 887 NW2d 807 (2016) (recognizing that unilateral mistake will not warrant reformation of a contract). Accordingly, where the underlying attorney fee agreement was valid, the trial court properly granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) and to compel arbitration.

Plaintiffs next argue that the trial court erred in granting defendant's motion to confirm the arbitration award. We disagree.

This Court is required to review de novo a trial court's decision to confirm an arbitration award. *City of Ann Arbor v American Federation of State, Co & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). However, "[j]udicial review of an arbitrator's decision is narrowly circumscribed." *Id*. (Citation omitted.) To the extent that plaintiffs claim that the trial court did not have jurisdiction, this is an issue that this Court reviews de novo. *Wyoming Chiropractic Health Clinic, PC v Auto-Owners Ins Co*, 308 Mich App 389, 393; 864 NW2d 598 (2014). This Court also reviews de novo the proper interpretation of the court rules, as well as the language and application of the pertinent statutes. *Lech v Huntmore Estates Condominium Ass'n (On Remand)*, 315 Mich App 288, 290; ___ NW2d ___ (2016).

Michigan's Uniform Arbitration Act, MCL 691.1681 *et seq*., contains several provisions relevant to these proceedings. Initially, MCL 691.1706 provides guidance regarding a trial court's jurisdiction in a case where arbitration is at issue, and provides, in pertinent part, as follows:

> (1) A court of this state that has jurisdiction over the controversy and the parties may enforce an agreement to arbitrate.

> (2) An agreement to arbitrate that provides for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award under this act.

If a party seeks to vacate an arbitration award, MCL 691.1703 governs the procedure and statutory grounds for doing so, and provides in pertinent part, as follows:

(1) On motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if any of the following apply:

(a) The award was procured by corruption, fraud, or other undue means.

(b) There was any of the following:

(*i*) Evident partiality by an arbitrator appointed as a neutral arbitrator.

(*ii*) Corruption by an arbitrator.

(*iii*) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding.

(c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to [MCL 691.1695], so as to prejudice substantially the rights of a party to the arbitration proceeding.

(d) An arbitrator exceeded the arbitrator's powers.

(e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under [MCL 691.1695(3)] not later than the beginning of the arbitration hearing.

(f) The arbitration was conducted without proper notice of the initiation of an arbitration as required in [MCL 691.1699] so as to prejudice substantially the rights of a party to the arbitration proceeding.

(2) *A motion under this section must be filed within 90 days after the moving party receives notice of the award under [MCL 691.1699] or within 90 days after the moving party receives notice of a modified or corrected award under [MCL 691.1700], unless the moving party alleges that the award was procured by corruption, fraud, or other undue means, in which case the motion must be made within 90 days after the ground is known or by the exercise of reasonable care would have been known by the moving party.*

\* \* \*

(4) If the court denies a motion to vacate an award, it shall confirm the award unless a motion to modify or correct the award is pending. [Emphasis added.]

Likewise, MCL 691.1702 governs the confirmation of arbitration awards and provides, in pertinent part, as follows:

> *After a party to an arbitration proceeding receives notice of an award, the party may move the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected*

*under [MCL 691.1700] or [MCL 691.1704] or is vacated under [MCL 691.1703].* [Footnotes omitted; emphasis added.]

MCL 691.1708 governs appeals in the arbitration context, and provides as follows:

(1) An appeal may be taken from any of the following:

(a) An order denying a motion to compel arbitration.

(b) An order granting a motion to stay arbitration.

(c) An order confirming or denying confirmation of an award.

(d) An order modifying or correcting an award.

(e) An order vacating an award without directing a rehearing.

(f) A final judgment entered under this act.

(2) An appeal under this section shall be taken as from an order or a judgment in a civil action.

The pertinent companion court rule is MCR 3.602, which provides, in pertinent part, as follows:

**(B) Proceedings Regarding Arbitration**

(1) A request for an order to compel or to stay arbitration or for another order under this rule must be by motion, which shall be heard in the manner and on the notice provided by these rules for motions. If there is not a pending action between the parties, the party seeking the requested relief must first file a complaint as in other civil actions.

* * *

**(I) Award; Confirmation by Court.** A party may move for confirmation of an arbitration award within one year after the award was rendered. The court may confirm the award, unless it is vacated, corrected, or modified, or a decision is postponed, as provided in this rule.

**(J) Vacating Award.**

(1) A request for an order to vacate an arbitration award under this rule must be made by motion. If there is not a pending action between the parties, the party seeking the requested relief must first file a complaint as in other civil actions. A complaint or motion to vacate an arbitration award must be filed no later than 21 days after the date of the arbitration award.

(2) On motion of a party, the court shall vacate an award if:

-6-

(a) the award was procured by corruption, fraud, or other undue means;

(b) there was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights;

(c) the arbitrator exceeded his or her powers; or

(d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.

The fact that the relief could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

(3) A motion to vacate an award must be filed within 91 days after the date of the award. However, if the motion is predicated on corruption, fraud, or other undue means, it must be filed within 21 days after the grounds are known or should have been known. A motion to vacate an award in a domestic relations case must be filed within 21 days after the date of the award.

(4) In vacating the award, the court may order a rehearing before a new arbitrator chosen as provided in the agreement, or, if there is no such provision, by the court. If the award is vacated on grounds stated in subrule (J)(1)(c) or (d), the court may order a rehearing before the arbitrator who made the award. The time within which the agreement requires the award to be made is applicable to the rehearing and commences from the date of the order.

(5) If the motion to vacate is denied and there is no motion to modify or correct the award pending, the court shall confirm the award.

\* \* \*

**(L) Judgment.** The court shall render judgment giving effect to the award as corrected, confirmed, or modified. The judgment has the same force and effect, and may be enforced in the same manner, as other judgments.

\* \* \*

**(N) Appeals.** Appeals may be taken as from orders or judgments in other civil actions.

On appeal, the gravamen of plaintiffs' argument is that where the trial court declined to hear and decide their motion to reopen the case and to compel defendant to comply with the arbitration provision on the basis that it lacked jurisdiction, the trial court erred in subsequently confirming the arbitration award in favor of defendant. According to plaintiffs, where they had subsequently filed a motion to vacate the arbitration award and to compel defendant to comply with the arbitration provision in this Court, the trial court was then divested of jurisdiction, and therefore did not have authority to decide defendant's motion seeking to confirm the arbitration

award. In support of their argument, plaintiffs point to MCR 7.208, a court rule that the trial court relied on when declining to address plaintiffs' motion to reopen the case and to compel defendant to comply with the arbitration provision. MCR 7.208(A) provides:

> **(A) Limitations.** After a claim of appeal is filed or leave to appeal is granted, the trial court or tribunal may not set aside or amend the judgment or order appealed from except
>
> (1) by order of the Court of Appeals,
>
> (2) by stipulation of the parties,
>
> (3) after a decision on the merits in an action in which a preliminary injunction was granted, or
>
> (4) as otherwise provided by law.

After a close review of the applicable statutes and court rules, we are not persuaded by plaintiffs' assertion that the trial court incorrectly confirmed the arbitration award. Instead, a review of the applicable statutes and court rules lead us to conclude that the trial court had jurisdiction to decide defendant's motion to confirm the arbitration award. For example, as noted above, MCL 691.1703 sets forth the proper procedure for a party to file a motion seeking to vacate an arbitration award. Specifically, MCL 691.1703(1) clearly provides that "[o]n motion to the court by a party to an arbitration proceeding, *the court* shall vacate an award made in the arbitration proceeding if any of the following [circumstances] apply[.]" (Emphasis supplied.) MCL 691.1681 defines "court" in the following manner:

> (2) As used in this act:
>
> * * *
>
> (c) *"Court" means the circuit court.* [Emphasis added.]

A review of the record confirms that plaintiffs did not advance their motion to vacate the arbitration award in the trial court. Accordingly, while plaintiffs undertook creative steps to effectively bypass the trial court's authority to decide a motion to vacate an arbitration award, the plain statutory language of MCL 691.1681 and MCL 691.1703 clearly provides that plaintiffs ought to have proceeded with their motion to vacate the arbitration award in the trial court. Further buttressing our analysis is the fact that MCL 691.1708(1) provides that "[a]n appeal may be taken from any of the following: (e) [a]n order vacating an [arbitration] award without directing a rehearing." Additionally, MCR 3.602(J)(1) clearly contemplates the filing of a motion to vacate an arbitration award in the trial court, as it states that if a proceeding is not already pending between the parties, "the party seeking the requested relief must first file a complaint as in other civil actions." Similarly, MCR 3.602(N) delineates how appeals arising from arbitration proceedings should proceed to this Court, stating "[a]ppeals may be taken as from orders or judgments in other civil actions[,]" and there is nothing in this subsection of the court rule allowing a party to directly proceed to this Court to seek a vacating of an arbitration award. Finally, while the trial court noted that it did not have jurisdiction to address plaintiffs'

-8-

motion seeking to compel arbitration and to reopen the case, it made that statement referring to plaintiffs' appeal of its order granting defendant's motion for summary disposition and to compel arbitration, which we have concluded was not a final order as contemplated by the court rules. The trial court correctly recognized that where plaintiffs had pursued an appeal from the trial court's order, it could not act to set aside or amend that order. MCR 7.208(A). Accordingly, the trial court properly granted defendant's motion seeking confirmation of the arbitration award.

Affirmed in both Docket No. 330962 and Docket No. 332085. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Michael J. Riordan
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood