# STATE OF MICHIGAN

# COURT OF APPEALS

In re ERBER, Minors.

DANA ERBER,

       Petitioner-Appellant,

v

JUDY RUSSELL, Guardian,

       Respondent-Appellee,

and

KRYSTAL ERBER,

       Other Party.

UNPUBLISHED
December 14, 2017

No. 338759
Genesee Probate Court
LC Nos. 14-198373-GM
           14-198374-GM
           14-198374-GM

Before: JANSEN, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Petitioner, Dana Erber, appeals from an order entered on May 22, 2017 related to the guardianship of his three children. Because we conclude that the order is not a final order appealable as of right to this Court, this appeal is dismissed for lack of jurisdiction and the probate court is directed to rule on petitioner's petitions to terminate the guardianships without further delay.

On May 15, 2014, the probate court granted Judy Russell, the children's paternal grandmother, full guardianship of petitioner's children. At that time, petitioner was incarcerated and the children's mother was hospitalized. A Child Protective Services (CPS) matter was eventually dismissed as a result of Russell's appointment as guardian for the children. In April 2015, after an evidentiary hearing, the court denied petitioner's petition to terminate the guardianships. On December 8, 2015, petitioner, proceeding *in propria persona*, filed another petition to terminate the guardianships. At a hearing on January 7, 2016, the probate court ordered petitioner to file an amended petition setting forth facts since the April 2015 hearing demonstrating that termination of the guardianships would be in the children's best interests. Thereafter, however, petitioner retained counsel who indicated that petitioner would not be

-1-

amending his pro se petition at that time. Consequently, on February 1, 2016, the probate court dismissed the December 8, 2015 pro se petition to terminate the guardianships.

On April 25, 2016, petitioner, through counsel, filed a motion to modify parenting time. Apparently, the guardian had significantly limited petitioner's contact with his children. At a hearing on May 5, 2016, the court adjourned the matter to August 2016, at which time the court would hold an evidentiary hearing. At the August 2016 hearing on the motion to modify parenting time, the court did not take testimony. Instead, at the request of petitioner's new counsel, the matter was adjourned. The adjournment spanned several months. Delays were attributable to additional requests for adjournments, petitioner's hospitalization with a life-threatening blood clot, problems related to scheduling petitioner's psychological evaluation, and lack of service.

The hearing on the petition to modify parenting time resumed on March 10, 2017. At the conclusion of the hearing, the probate court took the matter under advisement and ordered that the children continue in counseling with their therapist. Further, at the therapist's discretion, petitioner could be reintroduced to the children in a therapeutic setting. The court then adjourned the matter until May 2017. In the interim, on May 4, 2017, petitioner filed another petition to terminate the guardianships. That petition was noticed for hearing on May 25, 2017.

The hearing on the petition to modify parenting time resumed on May 22, 2017. Initially, the court noted that the petition to terminate the guardianships was scheduled for another date. Turning to parenting time, the court fully explored issues relating to integrating petitioner back into his children's lives, in a therapeutic setting and with the guidance of an appropriately-qualified therapist. After considering all of the parties' positions, the court indicated that it would take the matter under advisement. It further orally ruled that the parties would have ten days to submit in writing "the best psychological, psychiatric, therapeutic approach because if these kids are going to have any contact with dad, it's going to be through that." Thereafter, petitioner's counsel pressed the court on the request to terminate the guardianships. In response, the court stated, "I'm not ending the guardianship now. I'm not. I wasn't persuaded by anything filed in the guardianship. I am not." The court then denied counsel for the guardian any opportunity to address the termination of the guardianship issue.

The probate court's written order followed. Initially, the court noted that the matter before it was petitioner's "motion" for "parenting time filed on April 25, 2016." However, it also acknowledged that petitioner's motion to terminate the guardianships was scheduled for hearing on May 25, 2017. With respect to the parenting time issue, the court held:

> Regarding the motion for parenting time, this Court was informed that Jen Fleck has declined to continue therapy with [the children], *for the purpose* of reintroduction with their father. Licensed counselor, Kathy Craymer, provided unsworn testimony in which she explained that it is unethical for a therapist, a counselor, a social worker, or otherwise, to perform therapy for the purpose of reintroduction unless the therapist has a background or is certified in forensic, custodial evaluations, or unless such an evaluation is available to guide the attending therapist.

That information in mind, the parties disagreed as to what steps, therapeutically or otherwise, are necessary for this Court to find that parenting time will serve the *minor wards'* welfare pursuant to MCL 700.5204(5). Based on current testimony and the history of the case, this Court is as of yet unwilling to find that parenting time with Dana Erber will serve the minor wards' welfare, but having taken the issue under advisement, will issue a further opinion and order upon receiving the proposed reintroduction plans outlined below.

With respect to the pending petition to terminate the guardianships, the court made the following statements:

> **IT IS HEREBY ORDERED AND ADJUDGED** that over the oral motion of counsel for Dana Erber, the guardianships are continued. The minor guardianships at issue were instituted in early 2014. Since that time, in addition to regular hearings on petitions filed by the parents, this Court has conducted necessary reviews pursuant to statute.
>
> This Court disagrees with Mr. Erber that the guardianships must automatically terminate because this Court has properly exercised its authority to continue the guardianship pursuant to MCL 700.5209(2)(c). The subsection is applicable despite Mr. Erber having "consistently attempted to [be a] part of his children's lives." Expressing a *desire* to parent a child is *not* the equivalent of providing "parental care, love guidance, and attention appropriate to the child's age and individual needs."
>
> **IT IS FURTHER ORDERED AND ADJUDGED** that the hearing set for May 25, 2017, at 10:00 a.m. on petitions to terminate the guardianships is adjourned to **September 22, 2017, at 8:00 a.m. for a non-jury trial.**

After entry of this order, petitioner filed a claim of appeal with this Court on June 12, 2017. Petitioner argues that the probate court erred when it denied his petition to terminate the guardianships.

On appeal, both the guardian and the minor children contest this Court's jurisdiction to consider petitioner's appeal. Both assert that petitioner is not entitled to an appeal as of right because the probate court's May 22, 2017 order was not a final order. After considering the record in its entirety, we agree.

Before September 2016, probate court orders were appealable to either the Court of Appeals or to the local circuit court, depending upon the nature of the probate matter and order. For example, before September 2016, MCR 5.801(B)(1) provided that a "final order affecting the rights or interests of a party to a civil action commenced in the probate court under MCR 5.101(C)" was appealable of right to the Court of Appeals. By contrast, "[a] final order affecting the rights and interests of an adult or a minor in a guardianship proceeding," was appealable of right to the circuit court. MCR 5.801(C)(1).

-3-

However, legislative amendments in late 2016 changed the way appeals from the probate court would be handled. Specifically, statutory changes now require all appeals from the probate court to be heard in the Court of Appeals. Effective September 27, 2016, MCL 600.308(1) now provides that this Court "has jurisdiction on appeals from all final judgments and final orders from the circuit court, court of claims, and probate court, as those terms are defined by law and supreme court rule, except final judgments and final orders described in subsections (2) and (3)."[1] The statute further provides that "[a] final judgment or final order described in this subsection is appealable as a matter of right." Further, MCL 600.308(2)(c) now provides that this Court also has jurisdiction on appeal from "[a]ny other judgment or interlocutory order from the . . . probate court," however, such orders "are reviewable only on application for leave to appeal granted by the court of appeals."

MCR 5.801, the court rule addressing appeals from the probate court, was amended by the Supreme Court to conform to the statutory changes. The current version of MCR 5.801 provides, in pertinent part:

> **(A) Appeal of Right.** A party or an interested person aggrieved by final order of the probate court may appeal as a matter of right as provided by this rule. Orders appealable of right to the Court of Appeals are defined as and limited to the following:
>
> (1) a final order, as defined in MCR 7.202(6)(a), affecting the rights or interests of a party to a civil action commenced in the probate court under MCR 5.101(C);
>
> (2) a final order affecting the rights or interests of an interested person in a proceeding involving a decedent estate, the estate of a person who has disappeared or is missing, a conservatorship or other protective proceeding, the estate of an individual with developmental disabilities, or an inter vivos trust or a trust created under a will. These are defined as and limited to orders resolving the following matters:
>
> * * *
>
> (3) a final order affecting the rights and interests of an adult or a minor in a guardianship proceeding under the Estates and Protected Individuals Code;
>
> (4) a final order affecting the rights or interests of an person under the Mental Health Code;

---

[1] MCL 600.308(2) describes those types of orders and judgments that may be appealed by leave only and MCL 600.308(3) provides that "an order concerning the assignment of a case to the business court . . . is not appealable to the court of appeals."

(5) an order entered in a probate proceeding, other than a civil action commenced in probate court, that otherwise affects with finality the rights or interests of a party or an interested person in the subject matter; or

(6) other appeals as provided by law.[2]

Consequently, pursuant to the provisions of MCL 600.308 and MCR 5.801, an aggrieved party may appeal as a matter of right to this Court *final judgments and final orders* of the probate court.

The parties disagree on whether the probate court's May 22, 2017 order constitutes a "final order." As referenced above, MCL 600.308, as amended, confers jurisdiction on appeals from all "final judgments and final orders" as "those terms are defined by law and supreme court rule[.]" MCR 7.202(6)(a) defines "final judgment" or "final order" in a civil case to mean:

(i) the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order,

(ii) an order designated as final under MCR 2.604(B),

(iii) in a domestic relations action, a postjudgment order affecting the custody of a minor,

(iv) a postjudgment order awarding or denying attorney fees and costs under MCR 2.403, 2.405, 2.625 or other law or court rule,

(v) an order denying governmental immunity to a governmental party[.]

Consistent with the foregoing, this Court has held that "[t]he test of finality of a probate court order is whether it affects with finality the rights of the parties in the subject matter." *In re Werney Estate*, 112 Mich App 601, 603; 316 NW2d 253 (1982).

We conclude that the probate court's May 22, 2017 order does not constitute a final order from which petitioner was entitled to an appeal as of right. The record discloses that the probate court's May 22, 2017 order did not constitute, and was not intended as, a final order on the petitions to terminate the guardianships. On April 25, 2016, petitioner filed his motion to modify

---

[2] We have quoted the amended version of MCR 5.801 which was effective June 21, 2017. Petitioner's claim of appeal was filed on June 12, 2017. Arguably, the prior version of MCR 5.801 applied at the time the claim was filed. However, application of the prior version of MCR 5.801 would be inconsistent with the change in jurisdiction effectuated by the September 27, 2016 amendments to MCL 600.308. In any event, except for the obvious differences because of the change in appeals to the Court of Appeals rather than the circuit court, the relevant portions of the prior version of the rule are substantially identical.

parenting time. On May 4, 2017, he filed his petition to terminate the guardianships. Several hearings ensued before and after the filing of the petition to terminate. At the beginning of both the March 10, 2017 and May 22, 2017 evidentiary hearings, the court stated that the parties were present on the motion to modify visitation. Then, when the court issued its May 22, 2017 written opinion, it included in the introductory paragraph an acknowledgement that the matter was before the court on petitioner's motion for parenting time. The court further noted that also before the Court, *but set for hearing on May 25, 2017*, were additional petitions to terminate the guardianships. The court then, very clearly, indicated that it was not ready to rule on the parenting time issue, and therefore was taking that "issue under advisement." With respect to the petitions to terminate the guardianships, the court also was leaving resolution of that issue to a future date. The order specifically provided that a hearing on the petitions to terminate the guardianships would be adjourned from the noticed date of May 25, 2017 to September 22, 2017. While petitioner would focus solely on the court's pronouncement that "the guardianships are continued," this statement, considered in context, only suggests an acknowledgement that the status quo set by previous orders would be maintained, rather than a final ruling on the petitions to terminate the guardianships. See, e.g., *Werney Estate*, 112 Mich App at 603-604. Indeed, the court scheduled a hearing on the petitions to terminate the guardianships for a future date in September 2017. Thus, the probate court's May 22, 2017 order was not a final order appealable as of right.

Petitioner suggests, in the alternative, that his claim of appeal be accepted as if on application for leave to appeal. While this Court "may, in [its] discretion accept the pleadings as an application for leave to appeal, grant the appeal, and resolve the appealed issue on the merits[,]" *Waatti & Sons Electric Co v Dehko*, 230 Mich App 582, 585; 584 NW2d 372 (1998), such action is not appropriate in this case. In addition to the requirement that the order be a final order, the relevant court rules all require that the petitioner be an "aggrieved party." MCR 5.801(A); MCR 7.203(A). Thus, to have standing on appeal, a litigant must be aggrieved. *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 290-291; 715 NW2d 846 (2006). To be considered an aggrieved party, a litigant on appeal must have "suffered a concrete and particularized injury . . . arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case." *Id*. at 291-292.

In this case, because the probate court has not yet actually ruled on petitioner's petitions to terminate the guardianships, petitioner cannot demonstrate that he has sustained injury from the "actions of the trial court." *Id*. Petitioner states "that because of the trial court's ruling, appellant's children remain in the care and custody of someone other than himself and subject to a guardianship he opposes." This, however, is not a consequence of the May 22, 2017 order; rather, it is a consequence of the court's previous orders and the underlying events of the case. Accordingly, we decline to accept petitioner's claim of appeal as an application for leave to appeal.

Dismissed for lack of jurisdiction and the probate court is directed to rule on petitioner's petitions to terminate the guardianships without further delay.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron